**GILL SAVINGS ASSOCIATION, Petitioner and Cross–Respondent,**

v.

**CHAIR KING, INC., Respondent and Cross–Petitioner.**

No. C–9598.

Supreme Court of Texas.

Oct. 17, 1990.

Gerald T. Drought, Troy Martin, III, San Antonio, Joanne M. Vorpahl, Robert D. Daniel, Jay N. Gross, Houston, for petitioner and cross-respondent.

Dennis G. Herlong, Houston, for respondent and cross-petitioner.

PER CURIAM.

Chair King filed suit against Gill Savings for wrongful eviction. After a trial to the court Chair King was awarded actual and punitive damages, and attorney's fees for the trial, the appeal, and for the bankruptcy proceedings involved. The court of appeals affirmed the liability but modified the award for attorney's fees. However, the court of appeals reversed the judgment of the trial court and remanded the cause, holding the evidence was factually insufficient to support damages. 783 S.W.2d 674. Both parties filed applications for Writ of Error. We disapprove the court of appeals' holding on attorney's fees, modify the remand instructions, and otherwise affirm the judgment remanding the cause to the trial court.

Chair King was awarded attorney's fees based on a finding of fraud arising out of a breach of contract. Attorney's fees are statutorily authorized for breach of contract actions. Tex.Civ.Prac. & Rem.Code Ann. §§ 38.001–.005 (Vernon's 1986). The court of appeals deleted only the trial

court's award of $25,000 for appellate attorney's fees and $7,800 for other attorneys' fees in the bankruptcy proceeding. The court of appeals held there was no evidence to support either award. Consequently, it did not reach points that the evidence was factually insufficient to support those amounts.

■■■ Gill Savings' predecessor in interest in the shopping center filed for bankruptcy protection. The relevant contract was a lease between the former owner and Chair King. Gill Savings claimed to succeed to the lessor's rights under the lease. The record does not disclose the full nature of the bankruptcy court proceedings. The attorneys who represented Chair King in the bankruptcy proceedings did not testify. One of Chair King's officers testified that the $7,800 fee bill was paid, and Chair King's trial attorney testified that the bankruptcy attorney fees were reasonable and necessary. We hold there was some evidence to support the award of the $7,800 attorneys' fees. We disapprove the holding of the court of appeals that, as a matter of law, attorney's fees incurred in a related bankruptcy proceeding cannot be awarded in a breach of contract claim.

■■ Chair King's trial attorney testified that his fees through trial were $54,862.50, and were reasonable and necessary. He did not testify as to appellate attorney's fees. Section 38.004 of the attorney's fees statute provides that "[t]he court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in: (1) a proceeding before the court...." Section 38.005 further provides that the chapter on attorney's fees "shall be liberally construed to promote its underlying purposes." The record of the trial court proceedings reflected the complexity of the case. The trial court's own proceedings together with the fact that it may take judicial notice of usual and customary fees constitute some evidence to support the award of appellate attorney's fees. *Coward v. Gateway National Bank,* 525 S.W.2d 857, 859 (Tex.1975); *Bloom v.*

*Bloom,* 767 S.W.2d 463, 471–72 (Tex.App.—San Antonio 1989, writ denied); *Flint & Associates v. Intercontinental Pipe & Steel, Inc.,* 739 S.W.2d 622, 626 (Tex.App.—Dallas 1987, writ denied).

We hold there was some evidence to support the award of appellate attorney's fees. Accordingly, we modify the remand instructions of the court of appeals to allow retrial of attorney's fees for services rendered on appeal and services related to the bankruptcy proceedings together with the retrial of the actual and punitive damage issues. The court of appeals did not address the factual sufficiency of the evidence to support the award of damages for appellate fees and those related to the bankruptcy proceeding. Rather than remand this cause to the court of appeals for such determination, we have decided that since the trial court will be required to relitigate actual and punitive damages, attorneys' fees for appellate services and services related to the bankruptcy proceeding should be redetermined at that time. The $54,862.50 which was awarded to Chair King for the trial of this cause was determined by the court of appeals to be supported by some evidence. We agree with the court of appeals that a breach of contract occurred and there is some evidence to support the trial court's finding that $54,862.50 was a reasonable and necessary fee for the trial attorney representing Chair King.

Accordingly, we deny the application of Gill Savings and grant the application of Chair King, Inc. Pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this Court modifies the remand instructions of the court of appeals and directs the trial court to retry the actual and punitive damage issues along with the attorney's fees issues related to services rendered on appeal and services related to the bankruptcy proceedings. The attorney's fees in the sum of $54,862.50 for the trial of this cause is affirmed. The judgment of the court of appeals upholding the

liability finding of the trial court is affirmed.[1]

---

1. The issue of Tex.R.App.P. 81(b)(1) was not raised here or on motion for rehearing. Therefore, we do not address the issue.