TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00356-CV






Wesley G. Grace; Brownlee O. Currey, Jr.; Irby C. Simpkins, Jr.;


and Texcor Industries, Inc., Appellants


v.



Charles M. Duke, Jr. and Charles W. Salsman, Appellees






FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT


NO. C99-1010B, HONORABLE JACK ROBISON, JUDGE PRESIDING






 This is a long and convoluted tale of the attempt by appellees, Texas businessmen
Charles Duke, Jr. and Charles Salsman (the Texas Group), to collect financing promised by
appellants, Tennessee investors Wesley G. Grace; Brownlee O. Currey, Jr.; Irby C. Simpkins, Jr.;
and Texcor Industries, Inc. (the Tennessee Group). (1) Earlier litigation was dismissed after court-ordered mediation resulted in a written settlement agreement that deferred payment of the debt for
three years. The settlement was secured by an agreed judgment, held in escrow, to be entered if
necessary to enforce payment. When the Tennessee Group failed to pay the agreed sums after three
years, the Texas Group filed a petition in Comal County and the trial court signed the agreed
judgment. The Texas Group neglected to have process served on appellants, who relied on this
defect to resist registration of the agreed Texas judgment in Tennessee. The Texas Group then
dismissed the Tennessee registration and filed a second lawsuit in Comal County, alleging that the
Tennessee Group breached the settlement agreement. After numerous motions were filed in this
second suit, the district court entered summary judgment in favor of the Texas Group. The
Tennessee Group appeals, complaining that the district court erred in denying their motion for
continuance and in ordering them to pay attorney's fees. We find no merit to the complaints and
affirm the district court's judgment.


Factual Background


1. Preceding Disputes and the Settlement Agreement

 When the business arrangement between the Tennessee and Texas Groups soured in
1995, the groups sued one another, with the Texas Group bringing suit in Bexar County and the
Tennessee Group in Harris County. Those lawsuits were settled in the fall of 1996 by a Settlement
Agreement and Mutual Release ("the settlement agreement"), in which the Tennessee Group agreed
to pay the Texas Group $383,000 and the Texas Group deferred receipt of that sum for three years. 
The parties also agreed to "one fully executed Original Petition and one fully executed Agreed Final
Judgment" to secure payment of the agreed sum. The petition named the Texas Group as plaintiffs
and alleged that the Tennessee Group had breached the settlement agreement; the agreed judgment
stated that the Tennessee Group would pay each plaintiff $191,500 in damages, plus $8500 in
attorney's fees. The petition and agreed judgment were to be filed in Comal County if the $383,000
was not paid by June 30, 1999.

 On July 2, 1999, when the Tennessee Group had not paid the agreed $383,000, the
Texas Group filed the petition and agreed judgment in the 207th District Court of Comal County;
the case was assigned cause number C99-518B. The court signed the agreed judgment that same
day; process was not served on the Tennessee Group. In November, the Texas Group registered the
Texas judgment in Tennessee. The Tennessee Group opposed the Tennessee action, arguing that
because they were never served, the district court lacked jurisdiction over them and, therefore, the
agreed judgment was void. The Tennessee Group also alleged that the settlement agreement had
been fraudulently procured. The Texas Group moved to dismiss the Tennessee action, and on
February 7, 2000, the Tennessee circuit court granted the motion.


2. The Present Cause

 In the face of the Tennessee Group's opposition to the Tennessee action, the Texas
Group filed the present suit on December 17, 1999, relying on the agreed judgment in C99-518B,
accusing the Tennessee Group of breaching the settlement agreement, and asking for $383,000 as
damages, plus attorney's fees and pre- and post-judgment interest. On January 18 and 24, the
Tennessee Group filed general denials. On January 25, the Texas Group moved for summary
judgment. On February 8, the Tennessee Group filed special exceptions, a response to the motion
for summary judgment, and an amended answer, arguing the present cause was barred by the earlier
judgment rendered in cause C99-518B because "there can be but one judgment in a case." (2) (The
Tennessee Group had asserted in Tennessee that the first Texas judgment was void.) On February
11, the Tennessee Group moved for a continuance and attached to the motion their attorney's
affidavit, in which he simply stated the Tennessee Group had not had time to conduct discovery.

 On February 16, the Texas Group filed an amended petition setting out the
chronology of the dispute and alleging that the Tennessee Group had breached the settlement
agreement. The Texas Group admitted that the judgment in cause C99-518B was void because the
Tennessee Group was not served. Also on February 16, the Texas Group filed an amended motion
for summary judgment, attaching as evidence Salsman's affidavit, the settlement agreement, their
attorney's affidavit, and copies of the documents filed in the first Comal County suit, cause C99-518B. The Texas Group alleged there were no genuine issues of fact as to the Tennessee Group's
breach of the settlement agreement. In his affidavit, Salsman stated that he, Duke, and the Tennessee
Group entered into the settlement agreement and that the Tennessee Group breached it by not paying
$383,000 by June 30, 1999. The attorney's affidavit stated Duke and Salsman had incurred $38,300
in attorney's fees to date and would incur an additional $5000 in an appeal to the court of appeals
and $3000 in an appeal to the supreme court. A hearing on the amended motion for summary
judgment was set for March 10. 

 On February 23, the Tennessee Group filed an amended motion for continuance,
alleging they needed to conduct discovery as the settlement agreement was void or voidable because
it was procured by fraud or other material misrepresentation. Attached to the motion was an
affidavit by their attorney, who stated only that he needed the continuance because the Texas Group
had "not given [the Tennessee Group] an opportunity to conduct discovery." After a hearing on their
motion was reset, the Tennessee Group supplemented the motion. They stated they needed time to
conduct discovery, including taking appellees' depositions, and contended, "The issue of fraud turns,
in part, upon the knowledge of [the Texas Group] as to the truth or falsity of various representations
and/or omissions which were made (or omitted) in order to induce [the Tennessee Group] to enter
into the settlement agreement." Attached to the supplement was an affidavit by the Tennessee
Group's attorney, stating in relevant part, "I have personal knowledge that the allegations set out in
the foregoing Supplement . . . are true and correct. This continuance is not sought for delay only,
but that justice may be done." The Tennessee Group also supplemented their answer to include the
affirmative defense of fraud in the inducement.

 At the March 29 hearing on the Texas Group's motion for summary judgment, the
district court first considered the Tennessee Group's motion for continuance. The Tennessee Group
argued: 


[The Texas Group's attorney] files another Motion for Summary Judgment and sets
it at the shortest opportunity. . . . I'm going to need to depose [the Texas Group]. 
I'm going to need to engage in a lot of discovery, but if it turns out that Tennessee
holds that relating back to before the ex parte dismissal up there, they've got a
lawsuit going, it could very well be that everything that I've done here will be for
naught. . . . I would need discovery to the issue of the knowledge with which the
representations were made. I don't know whether they acknowledge - the Plaintiffs
even acknowledge making them or not. . . . The second thing is, I think we have
valid defenses that we are not able to raise until we can conduct discovery.



The Texas Group responded by noting that the Tennessee Group had never attempted any discovery
in Texas or Tennessee. They argued that a deposition of "a party in this case and that one" would
be admissible in both actions as a prior statement by that party. See Tex. R. Evid. 801(e)(2); Sutton
v. Mankoff, 915 S.W.2d 152, 155 (Tex. App.--Fort Worth 1996, writ denied). The Texas Group
stated, "That's the same allegations [sic] they brought up in the underlying lawsuit."

 The court denied the Tennessee Group's motion for continuance and heard argument
on the Texas Group's motion for summary judgment. The Tennessee Group again urged that they
needed discovery to present summary judgment evidence, stating, "[O]ur people can testify as to
what representations were made to them. They cannot testify as to the knowledge or intent of the
[Texas Group] in making those representations or omissions as the case may be." The Texas Group
countered that the Tennessee Group had not produced any such evidence, by affidavit or any other
form, about fraudulent representations or omissions. The district court granted summary judgment
for the Texas Group and awarded them $383,000 in damages and attorney's fees of $38,300, plus
$5000 for an appeal to the court of appeals and another $3000 for an appeal to the supreme court.


Discussion

1. Motion for Continuance

 In their first issue on appeal, the Tennessee Group contends the district court erred
in overruling their motion for continuance and hearing the motion for summary judgment without
giving the Tennessee Group an opportunity to conduct discovery on their defense of fraud.

 We review a trial court's ruling on discovery matters under an abuse of discretion
standard. Boon Ins. Agency, Inc. v. American Airlines, Inc., 17 S.W.3d 52, 60 (Tex. App.--Austin
2000, pet. denied). A trial court abuses its discretion when it acts unreasonably or arbitrarily, or
without reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226
(Tex. 1991); Boon Ins. Agency, 17 S.W.3d at 60. Likewise, we review the grant or denial of a
motion for continuance for an abuse of discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.
1986); Texas Dep't of Human Servs. v. Green, 855 S.W.2d 136, 147 (Tex. App.--Austin 1993, writ
denied). A motion for continuance seeking time for discovery must comply with rule 252, and must,
among other things, describe the evidence sought, explain its materiality, and show the party
requesting the continuance has used due diligence to obtain the evidence. Tex. R. Civ. P. 252; see
Hatteberg v. Hatteberg, 933 S.W.2d 522, 527 (Tex. App.--Houston [1st Dist.] 1994, no writ);
Green, 855 S.W.2d at 147. If the party requesting a continuance does not include an affidavit of
diligence in support of its motion or if the motion does not satisfy rule 252, we generally will
presume that the trial court did not abuse its discretion in refusing the continuance. Villegas, 711
S.W.2d at 626; Southwest Country Enters., Inc. v. Lucky Lady Oil Co., 991 S.W.2d 490, 493 (Tex.
App.--Fort Worth 1999, pet. denied). A party who does not use the rules of discovery diligently is
not entitled to a continuance. State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988). 

 The Tennessee Group did not satisfy rule 252 because they did not describe the
evidence sought, other than to say they wished to depose the Texas appellees, did not explain the
materiality of the evidence sought, and did not show they had used due diligence to obtain the
evidence. Tex. R. Civ. P. 252; Green, 855 S.W.2d at 147. More importantly, the settlement
agreement contains the following language that undermines their allegations of fraud: 


WHEREAS, Texcor, the Tennessee Group, and the Texas Group further declare and
represent that each is executing this Agreement wholly upon its/his own volition and
knowledge, that this Agreement is made without reliance upon any statement or
representation not contained in this Agreement, and that no promise, inducement or
agreement not expressed in this Agreement has been made to any of this, that this
Agreement reflects the entire agreement and understanding among Texcor, the
Tennessee Group and the Texas Group, and that the terms of this Agreement are
contractual.



The district court did not abuse its discretion in denying the motion for continuance to allow
discovery regarding the Tennessee Group's allegations of fraud and misrepresentation in light of this
agreement and in light of the lack of any attempt at discovery over the protracted period of this
dispute. We overrule the first issue on appeal.


2. Attorney's Fees

 In their second issue, the Tennessee Group contends the district court erred in
awarding the Texas Group attorney's fees. A party may not recover attorney's fees unless such
recovery is authorized by statute or provided for by contract between the parties. Travelers Indem.
Co. v. Mayfield, 923 S.W.2d 590, 593 (Tex. 1996); State v. Biggar, 848 S.W.2d 291, 298 (Tex.
App.--Austin 1993), aff'd, 873 S.W.2d 11 (Tex. 1994). Section 38.001(8) of the Civil Practice and
Remedies Code provides that a party "may recover" reasonable attorney's fees if the claim is for an
oral or written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 1997). To recover
under section 38.001, the prevailing party must have presented the claim to the opposing party and
must show that payment was not made within thirty days of the claim's presentment. 
Id. § 38.002(2), (3) (West 1997). In that situation, the trial court must award the prevailing party its
attorney's fees. Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998); World Help v. Leisure
Lifestyles, Inc., 977 S.W.2d 662, 683 (Tex. App.--Fort Worth 1998, pet. denied). What constitutes
reasonable attorney's fees is a question of fact, but clear, direct, and uncontroverted evidence of
attorney's fees is taken as true as a matter of law, especially when the opposing party has not rebutted
the evidence. Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881-82 (Tex. 1990).

 The Tennessee Group first contends there was no contractual agreement for attorney's
fees. We disagree. While the settlement agreement does not address attorney's fees, it does state
that the parties agreed that "upon the complete execution of this [settlement] Agreement they will
tender . . . one fully executed Original Petition and one fully executed Agreed Final Judgment in the
form shown in Exhibits C and D, attached." The settlement agreement further states that the petition
and agreed judgment could be sent to the Texas Group's attorney if the Tennessee Group did not pay
timely the $383,000. Exhibits C and D, attached to the settlement agreement, are clear indication
that the parties agreed that the Texas Group would recover attorney's fees if the Tennessee Group
did not pay timely. Based only on the settlement agreement, which includes the agreed judgment,
we hold there was a contractual agreement that the Texas Group could recover attorney's fees if the
$383,000 was not paid timely.

 Further, the Texas Group brought and prevailed on a breach of contract claim. 
Therefore, if there is presentment under section 38.002, they are entitled by statute to recover
attorney's fees. See Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001, .002. Presentment allows the
opposing party to pay the claim before becoming liable for attorney's fees. Jones v. Kelley, 614
S.W.2d 95, 100 (Tex. 1981); Harrison v. Gemdrill Int'l, Inc., 981 S.W.2d 714, 719 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied). No particular form of presentment is required; it may
be informal, even oral. Jones, 614 S.W.2d at 100; Harrison, 981 S.W.2d at 719; Robinson v. Brice,
894 S.W.2d 525, 528 (Tex. App.--Austin 1995, writ denied).

 The Tennessee Group contends there was no presentment under section 38.002. We
disagree. We recognize that the mere filing of a breach of contract suit does not constitute
presentment. Jim Howe Homes, Inc. v. Rogers, 818 S.W.2d 901, 904 (Tex. App.--Austin 1991, no
writ). However, we believe that, at the very least, the filing of the agreed judgment in cause C99-518B, alleged by the Tennessee Group to be void, put the Tennessee Group on notice of the Texas
Group's claim. The July 1999 filing of the agreed judgment and the November 12 registration of
that judgment in Tennessee satisfy the presentment requirement. The Tennessee Group agreed to
the form and substance of the agreed judgment as part of the settlement agreement. The Tennessee
Group had notice of the Texas Group's claim when the agreed judgment was registered in
Tennessee. The Texas Group waited more than thirty days before filing the second petition in Texas.

 Finally, the Tennessee Group argues the district court erred in awarding attorney's
fees because the amended motion for summary judgment did not state grounds for such an award and
some of the fees were incurred for the earlier action which resulted in a void judgment. The Texas
Group's amended motion pleaded for attorney's fees and attached the settlement agreement, its
exhibits, and the documents filed in cause C99-518B. This evidence establishes (1) there was a
contractual basis for the recovery of attorney's fees and (2) the Texas Group sued on a written
contract, made a presentment to the Tennessee Group, and payment was not made within thirty days. 
Also attached was an affidavit by the Texas Group's attorney, who states that the settlement
agreement allowed the Texas Group to collect attorney's fees and that "a reasonable fee through the
Summary Judgment phase in this court is $38,300," plus $5000 if an appeal is sought to this Court
and another $3000 for an appeal to the supreme court. We hold the amended motion for summary
judgment adequately raised and established the Texas Group's entitlement to attorney's fees.

 As for the argument that some of the fees were incurred in earlier cases, the
Tennessee Group waived that claim by not raising it before the district court. See Green Int'l, Inc.
v. Solis, 951 S.W.2d 384, 389 (Tex. 1997); Stewart Title Guar. Co. v. Aiello, 941 S.W.2d 68, 74
(Tex. 1997). Further, while the general rule is that a party may only recover for fees incurred in the
subject action, when the claims are "dependent upon the same set of facts or circumstances and thus
are 'intertwined to the point of being inseparable'" the party may recover for the fees covering all
claims. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11 (Tex. 1991) (quoting Gill Sav. Ass'n
v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex. App.--Houston [1st Dist.] 1989), modified, 797
S.W.2d 31 (Tex. 1990)). The district court could have concluded that the work preceding the filing
of this suit was "integrally related to the claims" brought forth in the subject cause. See Aiello, 941
S.W.2d at 73. The district court did not abuse its discretion in awarding the Texas Group's
attorney's fees. We overrule the Tennessee Group's second issue on appeal.

 Having overruled the Tennessee Group's issues, we affirm the district court's
judgment.




 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 7, 2001

Publish
1. James Massey was involved in the underlying business arrangement and disputes but was
nonsuited from this cause and is not a party to this appeal.
2. The Tennessee Group also asked that the cause be abated due to the pendency of the Tennessee
action.



--Austin 1995, writ denied).

 The Tennessee Group contends there was no presentment under section 38.002. We
disagree. We recognize that the mere filing of a breach of contract suit does not constitute
presentment. Jim Howe Homes, Inc. v. Rogers, 818 S.W.2d 901, 904 (Tex. App.--Austin 1991, no
writ). However, we believe that, at the very least, the filing of the agreed judgment in cause C99-518B, alleged by the Tennessee Group to be void, put the Tennessee Group on notice of the Texas
Group's claim. The July 1999 filing of the agreed judgment and the November 12 registration of
that judgment in Tennessee satisfy the presentment requirement. The Tennessee Group agreed to
the form and substance of the agreed judgment as part of the settlement agreement. The Tennessee
Group had notice of the Texas Group's claim when the agreed judgment was registered in
Tennessee. The Texas Group waited more than thirty days before filing the second petition in Texas.

 Finally, the Tennessee Group argues the district court erred in awarding attorney's
fees because the amended motion for summary judgment did not state grounds for such an award and
some of the fees were incurred for the earlier action which resulted in a void judgment. The Texas
Group's amended motion pleaded for attorney's fees and attached the settlement agreement, its
exhibits, and the documents filed in cause C99-518B. This evidence establishes (1) there was a
contractual basis for the recovery of attorney's fees and (2) the Texas Group sued on a written
contract, made a presentment to the Tennessee Group, and payment was not made within thirty days. 
Also attached was an affidavit by the Texas Group's attorney, who states that the settlement
agreement allowed the Texas Group to collect attorney's fees and that "a reasonable fee through the
Summary Judgment phase in this court is $38,300," plus $5000 if an appeal is sought to this Court
and another $3000 for an appeal to the supreme court. We hold the amended motion for summary
judgment adequately raised and established the Texas Group's entitlement to attorney's fees.

 As for the argument that some of the fees were incurred in earlier cases, the
Tennessee Group waived that claim by not raising it before the district court. See Green Int'l, Inc.
v. Solis, 951 S.W.2d 384, 389 (Tex. 1997); Stewart Title Guar. Co. v. Aiello, 941 S.W.2d 68, 74
(Tex. 1997). Further, while the general rule is that a party may only recover for fees incurred in the
subject action, when the claims are "dependent upon the same set of facts or circumstances and thus
are 'intertwined to the point of being inseparable'" the party may recover for the fees covering all
claims. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11 (Tex. 1991) (quoting Gill Sav. Ass'n
v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex. App.--Houston [1st Dist.] 1989), modified, 797
S.W.2d 31 (Tex. 1990)). The district court could have concluded that the work preceding the filing
of this suit was "integrally related to the claims" brought forth in the subject cause. See Aiello, 941
S.W.2d at 73. The district court did not abuse its discretion in awarding the Texas Group's
attorney's fees. We overrule the Tennessee Group's second issue on appeal.

 Having overruled the Tennessee Group's issues, we affirm the district court's
judgment.




 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 7, 2001

Publish
1. James Massey was involved in the underlying business arrangement and disputes but was
nonsuited from this cause and is not a party to this appeal.
2. The Tennessee Group also asked that the cause be abated due to the pendency of the Tennessee
action.



--Austin 1995, writ denied).

 The Tennessee Group contends there was no presentment under section 38.002. We
disagree. We recognize that the mere filing of a breach of contract suit does not constitute
presentment. Jim Howe Homes, Inc. v. Rogers, 818 S.W.2d 901, 904 (Tex. App.--Austin 1991, no
writ). However, we believe that, at the very least, the filing of the agreed judgment in cause C99-518B, alleged by the Tennessee Group to be void, put the Tennessee Group on notice of the Texas
Group's claim. The July 1999 filing of the agreed judgment and the November 12 registration of
that judgment in Tennessee satisfy the presentment requirement. The Tennessee Group agreed to
the form and substance of the agreed judgment as part of the settlement agreement. The Tennessee
Group had notice of the Texas Group's claim when the agreed judgment was registered in
Tennessee. The Texas Group waited more than thirty days before filing the second petition in Texas.

 Finally, the Tennessee Group argues the district court erred in awarding attorney's
fees because the amended motion for summary judgment did not state grounds for such an award and
some of the fees were incurred for the earlier action which resulted in a void judgment. The Texas
Group's amended motion pleaded for attorney's fees and attached the settlement agreement, its
exhibits, and the documents filed in cause C99-518B. This evidence establishes (1) there was a
contractual basis for the recovery of attorney's fees and (2) the Texas Group sued on a written
contract, made a presentment to the Tennessee Group, and payment was not made within thirty days. 
Also attached was an affidavit by the Texas Group's attorney, who states that the settlement
agreement allowed the Texas Group to collect attorney's fees and that "a reasonable fee through the
Summary Judgment phase in this court is $38,300," plus $5000 if an appeal is sought to this Court
and another $3000 for an appeal to the supreme court. We hold the amended motion for summary
judgment adequately raised and established the Texas Group's entitlement to attorney's fees.

 As for the argument that some of the fees were incurred in earlier cases, the
Tennessee Group waived that claim by not raising it before the district court. See Green Int'l, Inc.
v. Solis, 951 S.W.2d 384, 389 (Tex. 1997); Stewart Title Guar. Co. v. Aiello, 941 S.W.2d 68, 74
(Tex. 1997). Further, while the general rule is that a party may only recover for fees incurred in the
subject action, when the claims are "dependent upon the same set of facts or circumstances and thus
are 'intertwined to the point of being inseparable'" the party may recover for the fees covering all
claims. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11 (Tex. 1991) (quoting Gill Sav. Ass'n
v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex. App.--Houston [1st Dist.] 1989), modified, 797
S.W.2d 31 (Tex. 1990)). The district court could have concluded that the work preceding the filing
of this suit was "integrally related to the claims" brought forth in the subject cause. See Aiello, 941
S.W.2d at 73. The district court did not abuse its discretion in awarding the Texas Group's
attorney's fees. We overrule the Tennessee Group's second issue on appeal.

 Having overruled the Tennessee Group's issues, we affirm the district court's
judgment.




 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 7, 2001

Publish
1. James Massey was involved in the underlying business arrangement and disputes but was
nonsuited from this cause and is not a party to this appeal.
2. The Tennessee Group also asked that the cause be abated due to the pendency of the Tennessee
action