NUMBER 13-02-216-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


STEPHEN SADOSKAS , Appellant,



v.




GAIL GLEIMER SADOSKAS, Appellee.

___________________________________________________________________


On appeal from the 319th District Court

of Nueces County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Wittig (1)

Opinion by Justice Rodriguez



 Appellant, Stephen Sadoskas, brings this appeal following the trial court's judgment in favor of appellee, Gail
Gleimer Sadoskas, for breach of contract. By three issues, appellant contends: (1) appellee failed to introduce
the terms of the contract for the trial court's review; (2) the trial court erred in finding an enforceable contract;
and (3) the trial court abused its discretion in allowing parol evidence. By one cross-point, appellee contends
the trial court erred in failing to award attorney's fees on appellee's breach of contract claim. We modify the
judgment and affirm it as modified.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here
except as necessary to advise the parties of the Court's decision and the basic reasons for it. See Tex. R. App.
P. 47.4.

II. Introduction of Terms of Contract

 By his first issue, appellant contends that appellee failed to introduce the terms of the contract for the trial
court's review. We find it unnecessary to address this contention because error, if any, is waived.

 Under Rule 38.1(h) of the Texas Rules of Appellate Procedure, an appellant's brief "must contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the record." Id.
Rule 38.1(h). Failure to cite authority or provide substantive analysis waives an issue on appeal. See
Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co., No. 07-02-0086-CV, 2003 Tex. App. LEXIS 2195, *8
(Amarillo March 11, 2003, no pet.); Nguyen v. Kosnoski, 93 S.W.3d 186, 188 (Tex. App.-Houston [14th
Dist.] 2002, no pet.); Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 801 n.6 (Tex. App.-Corpus Christi
2002, pet. denied). In this issue, appellant cited to one case that generally discussed contract interpretation. 
See Praeger v. Wilson, 721 S.W.2d 597, 600 (Tex. App.-Fort Worth 1986, writ ref'd n.r.e.). However,
appellant neither favored us with cogent arguments nor provided us with citations to authorities that support
his specific contention. See McIntyre v. Wilson, 50 S.W.3d 674, 682 (Tex. App.-Dallas 2001, pet. denied). 
Thus, appellant's first issue is overruled.

III. Parol Evidence

 By his third issue, appellant contends the trial court erred in allowing parol evidence.

A. Standard of review

 The standard of review for the admission of evidence is an abuse of discretion. City of Brownsville v.
Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). For the admission of evidence to constitute reversible error,
appellant must show that the error was reasonably calculated to cause and probably did cause rendition of an
improper judgment. Tex. R. App. P. 44.1(a). 

 Only where a contract is first determined to be ambiguous may courts consider the parties' personal
interpretations and admit parol evidence to determine the true meaning of the contract. See Nat'l Union Fire
Ins. Co. v. CBI Indus., 907 S.W.2d 517, 520 (Tex. 1995). Whether a contract is ambiguous is a question of
law. Lopez v. Munoz, 22 S.W.3d 857, 861 (Tex. 2000). We review questions of law and other legal
conclusions of the trial court de novo. Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d
112, 120-21 (Tex. App.-Corpus Christi 1999, pet. denied).B. Analysis

 A contract is ambiguous when its meaning is uncertain and doubtful, or is reasonably susceptible to more than
one interpretation. Lopez, 22 S.W.3d at 861;Heritage Res., Inc. v. Nationsbank, 939 S.W.2d 118, 121 (Tex.
1996). A written contract is not ambiguous if, in light of the circumstances surrounding its creation, it is
written so that it can be given a definite or certain legal meaning. See Lopez, 22 S.W.3d at 861; CBI Indus.,
907 S.W.2d at 520; Sun Oil Co. v. Madeley, 626 S.W.2d 726, 731 (Tex. 1981). 

 We are required to give the terms of a contract their plain, ordinary, and generally accepted meaning. 
Heritage Res., Inc., 939 S.W.2d at 121; Reilly v. Rangers Mgmt., Inc., 727 S.W.2d 527, 529 (Tex. 1987). 
The contract clause in question states that tuition is to be paid "for so long as the child is enrolled in classes
and actively pursuing a college degree by maintaining at least an overall 'C' average in at least 9 hours per
semester." We find the plain, ordinary, and generally accepted meaning of this clause is that tuition must be
paid when the child maintains at least a "C" average while taking at least nine hours of college classes. Thus,
we hold that the contract is not ambiguous. Appellant is contractually obligated to pay when his son is
enrolled in at least nine semester hours and maintaining at least a "C" average. (2)

 Because we find this contract to be unambiguous, parol evidence testimony should not have been allowed by
the trial court to interpret the contract. See CBI Indus., 907 S.W.2d at 520. The trial court twice sustained
appellant's objections to the use of parol evidence in its interpretation of the contract. However, the trial court
allowed appellee to give her interpretation of part of the contract over appellant's third objection. Appellee's
testimony was not an account of the circumstances surrounding the contract, instead she was asked to give her
personal understanding of contract language. Parol evidence is not admissible for the purpose of making a
contract ambiguous. See id.; Sun Oil Co., 626 S.W.2d at 731. Thus, the trial court abused its discretion in
allowing the parole evidence. See Alvarado, 897 S.W.2d 750, 753 (Tex. 1995).

 However, because we hold this contract to be unambiguous and enforceable, the trial court's final ruling
regarding the contract was correct. Error in allowing the parol testimony did not cause rendition of an
improper judgment, so its admission does not constitute reversible error. See Tex. R. App. P. 44.1(a). 
Therefore, appellant's third issue is overruled.

IV. Attorney's Fees

 By her sole cross-point, appellee contends the trial court erred in failing to award attorney's fees.



A. Award

 The availability of attorney's fees under a particular statute is a question of law for the court. Holland v.
Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999). We review legal questions de novo. Tex. Dep't of
Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002). Section 38.001 of the civil practice and remedies code
provides that, "[a] person may recover reasonable attorney's fees from an individual . . . in addition to the
amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." Tex. Civ. Prac. &
Rem. Code Ann. § 38.001(8) (Vernon 1997). For a claimant to recover attorney's fees under this section: (1)
she must be represented by an attorney; (2) she must present the claim to the opposing party or to an
authorized agent of the opposing party; and (3) before the expiration of thirty days after the claim is presented,
the opposing party must not tender payment for the just amount owed. See id. § 38.002 (Vernon 1997). 
When a party proves these three requisite elements and prevails on a valid claim founded on a written or oral
contract, an award of reasonable attorney's fees is mandatory, not discretionary. See Welch v. Hrabar, No.
14-02-00473-CV, 2003 Tex. App. LEXIS 5126, at *22 (Houston [14th Dist.] June 19, 2003, no pet. h.);
Jackson Law Office, P.C. v. Chappell, 37 S.W.3d 15, 23 (Tex. App.-Tyler 2000, pet. denied). A trial court
has discretion to set the amount of attorney's fees, but it does not have the discretion to completely deny
attorney's fees if they are proper under section 38.001. See Chappell, 37 S.W.3d at 23; Essex Crane Rental
Corp. v. Striland Constr. Co., Inc., 753 S.W.2d 751, 758 (Tex. App.-Dallas 1988, writ denied).

 In this instance, appellee was awarded judgment on a breach of contract claim against appellant, and she was
awarded damages in the amount of $3,612.49 on the claim. See Tex. Civ. Prac. & Rem. Code Ann. §
38.001(8); see also Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). Moreover, appellee
presented her claim against appellant by a written letter sent to him on December 11, 1998, almost two years
before she filed her original petition. See Llanes v. Davila, No. 13-02-129-CV, 2003 Tex. App. LEXIS 392,
at *14 (Corpus Christi Jan. 16, 2003, pet. denied) (no particular form of presentment is required). Although
appellee did not include the amount due by appellant, she did demand appellant's performance under the
contract. See, e.g., Standard Constructors, Inc. v. Chevron Chem. Co., Inc., 101 S.W.3d 619, 627 (Tex.
App.-Houston [1st Dist.] 2003, no pet.) (presentment must include assertion of debt or claim and request for
compliance); Panizo v. Young Men's Christian Ass'n of the Greater Houston Area, 938 S.W.2d 163, 168
(Tex. App.-Houston [1st Dist.] 1996, no writ) (same). Thus, we find appellee's letter sufficiently presented
the claim to appellant. See Tex. Civ. Prac. & Rem. Code Ann. § 38.002(2). In addition, appellee was
represented by counsel and appellant did not tender payment for the amount owed. See id. § 38.002(1), (3). 
Because appellant satisfied the requirements under chapter 38 for attorney's fees, we find the trial court erred
in not awarding attorney's fees. SeeWelch, 2003 Tex. App. LEXIS 5126, at *22; Chappell, 37 S.W.3d at 23.

B. Reasonableness of Award

 Generally, what constitutes reasonable attorney's fees is a question of fact. See Int'l Sec. Life Ins. Co. v.
Spray, 468 S.W.2d 347, 349 (Tex. 1971); Grace v. Duke, 54 S.W.3d 338, 344 (Tex. App.-Austin 2001, pet.
denied). However, when an attorney's testimony regarding fees is uncontroverted, clear, direct and positive,
and not contradicted by any other witness or attendant circumstances, and there is nothing to indicate
otherwise, we may construe the evidence as true as a matter of law and render judgment for attorney's fees. 
See Welch, 2003 Tex. App. LEXIS 5126, at *23;Grace, 54 S.W.3d at 344; World Help v. Leisure Lifestyles,
Inc., 977 S.W.2d 662, 684 (Tex. App.-Fort Worth 1998, pet. denied); see also Ragsdale v. Progressive
Voters League, 801 S.W.2d 880, 882 (Tex. 1990).

 In this instance, appellee's trial counsel testified, without any contradicting testimony or other evidence, that
her reasonable attorney's fees at trial were $1,250.00. Thus, we award appellee's trial counsel $1,250.00 in
attorney's fees. As for reasonable attorney's fees for an appeal, appellant's counsel provided testimony that
reasonable fees would be $8,000.00. However, when questioned by appellee's counsel, he testified that a
reasonable fee for appellee's attorney on appeal would be "roughly" $7,000.00. This amount was not
contested or rebutted by appellee's counsel. Thus, we award appellee's appellate counsel $7,000.00 in
attorney's fees. Appellee's sole cross-point is sustained.

V. Conclusion

 Accordingly, we modify the trial court's judgment to include reasonable attorney's fees in the amount of
$8,250.00, and we affirm the judgment as modified.

 

NELDA V. RODRIGUEZ

Opinion delivered and filed

this 17th day of July, 2003.

 

 



 

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Because we hold that the contract is unambiguous and enforceable, appellant's second issue, that the trial
court erred in finding that the contract was enforceable, is moot. Thus, appellant's second issue is overruled. 
See Tex. R. App. P. 47.1.