# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00516-CV

**Mary Patrick, Appellant**

**v.**

**Christopher M. Holland, Appellee**

## FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. 72628-A, HONORABLE SUSAN WHITMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mary Patrick appeals the probate court's award of attorney's fees to Christopher M. Holland, executor of her mother's estate, asserting that the evidence is legally insufficient to support the award. For the reasons that follow, we affirm the judgment of the probate court.

Patrick began living with her two children in a house belonging to the estate after her mother's death. Holland, as executor of the estate of Sophie Holland, determined that the house should be sold, but Patrick refused to vacate the premises. Holland brought an action in the justice court to evict Patrick. The justice court ordered the eviction, and Patrick appealed that ruling to the Travis County court at law. Holland then transferred the case to the probate court, pursuant to section 5B of the probate code. *See* Tex. Prob. Code Ann. § 5B (West Supp. 2004). The probate court entered an agreed judgment giving possession of the premises to Holland and leaving the issue of attorney's fees to be resolved at a later date.

In June 2003, a hearing was held on the question of attorney's fees. The probate court awarded $2,250 to Holland for attorney's fees incurred in the eviction action. *See* Tex. Prop. Code Ann. § 24.006(b) (West 2000) (prevailing landlord entitled to reasonable attorney's fees if written demand to vacate has been given to tenant or lease allows for them). In one issue, Patrick argues that the evidence was legally insufficient to support the award.

A trial court may award those fees that are reasonable and necessary for the prosecution of a suit. *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 241 (Tex. App.—San Antonio 2001, pet. denied) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991)). To determine whether an attorney's fee award is excessive, the reviewing court may draw upon common knowledge of the justices of the court and their experiences as lawyers and judges. *Id.*; *City of Fort Worth v. Groves*, 746 S.W.2d 907, 918 (Tex. App.—Fort Worth 1988, writ dism'd). The reasonableness of attorney's fees awarded is a question of fact and must be supported by the evidence. *See Grace v. Duke*, 54 S.W.3d 338, 344 (Tex. App.—Austin 2001, pet. denied). Trial counsel's clear, positive, direct, and uncontroverted testimony concerning attorney's fees is taken as true as a matter of law. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990).

The standard for reviewing the amount of attorney's fees awarded is legal sufficiency of the evidence. *See Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 262-63 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 22 (Tex. 1998) (Baker, J., dissenting)); *Aquila*, 48 S.W.3d at 240. When reviewing a legal-sufficiency challenge, "we must view the evidence in a light that tends to support the disputed finding and disregard

evidence and inferences to the contrary." *Wal-mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (citing *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001)). A legal sufficiency or "no evidence" point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). If the evidence is so weak as to do no more than create a mere surmise or suspicion of its existence, its legal effect is that it is no evidence. *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 182 (Tex. 1995).

At the hearing, the probate court took judicial notice of the reasonableness and appropriateness of the actual rates charged by Holland's attorneys.[1] Thus, the only issues were the reasonableness and necessity of hours expended and the segregation of the work done by the attorneys pertaining solely to the eviction.[2]

---

[1] Holland's two attorneys, Barbara Lipscomb and Patricia Barnes, practice law together and charge two hundred and two hundred and fifty dollars an hour, respectively.

[2] The attorneys represented Holland in other matters relating to his duties as executor of the estate.

3

Holland's attorney, Lipscomb, submitted into evidence an exhibit containing billing records, highlighted to segregate the charges pertaining to the eviction and annotated with certain adjustments; a summary of the charges relating to the eviction was authenticated by an affidavit of Barnes. Lipscomb testified at the hearing. The court questioned her about the highlighted portions and handwritten adjustments, clarifying which of the entries on the billing statements pertained solely to the eviction and why some of the charges had been reduced. The court also questioned Lipscomb about the charges for research, which the court deemed excessive to prosecute an eviction.[3] Then Lipscomb testified that the fees of $7,487.21 charged Holland in connection with the eviction were reasonable and necessary. She also testified that she is familiar with the customary charges for attorneys in Travis County for cases similar to this one and that she could affirm the truth of the information in the exhibit.[4]

In issuing its judgment, the probate court made findings that the charges relating to research on the eviction and conferences between counsel relating to their procedural concerns

---

[3] Lipscomb explained that the research was necessary to determine whether the justice court had jurisdiction over the eviction and whether the executor had authority to bring the suit.

[4] Patrick also asserts that the exhibit was improperly admitted as hearsay. The trial judge found that the exhibit, as a summary of Lipscomb's testimony, would serve the convenience of the court by speeding up the testimony. The court admitted the exhibit over Patrick's hearsay objection. Assuming without deciding that the exhibit was inadmissible, we deem any error harmless due to the in-court testimony of Lipscomb about the amount, reasonableness, and necessity of the fees. This additional evidence leads us to conclude that the admission of the exhibit, if error, probably did not cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *Star Houston, Inc. v. Kundak*, 843 S.W.2d 294, 297-98 (Tex. App.—Houston [14th Dist.] 1992, no writ). Because Lipscomb offered live testimony, this case is distinguishable from *Eikon King St. Manager, L.L.C. v. LSF King St. Manager, L.L.C.*, 109 S.W.3d 762, 770 (Tex. App.—Dallas 2003, pet. denied) (sustaining appellant's issue that award of attorney's fees was improper because affidavits were inadmissible hearsay).

should not be charged to Patrick because attorneys with a landlord-tenant practice would not have incurred them. The court also found that the fees associated with transferring the case from the county court at law to the probate court should not, in fairness, be charged to Patrick because she did not seek such transfer and, in fact, opposed it. The court substantially reduced the attorney's fees requested by Holland from $7,487.21 to $2,250, allocating $1500 for the preparation and transmittal of the notice to evict, preparation of the eviction petition, and attendance at the eviction hearing; and $750 for the expense of preparing appellate documents for the county court at law and obtaining the agreed judgment in the probate court.

We conclude that the evidence amounts to more than a scintilla to support the amount of attorney's fees and hold that there is legally sufficient evidence to support the award. For the foregoing reasons, we affirm the judgment of the probate court.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:  June 10, 2004

5