Opinion filed October 26, 2006 

















 
 
  
 
 







 
 
  
 
 




Opinion filed October 26, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00174-CV 

                                                    __________

 

               PETER H. EGGERT AND ARLENE C. EGGERT, Appellants

                                                             V.

                                      BARBARA
M. LYNE, Appellee

 



 

                                          On
Appeal from the 29th District Court

                                                       Palo
 Pinto County, Texas

                                                  Trial
Court Cause No. C40465

 



 

                                              M
E M O R A N D U M   O P I N I O N

Peter H.
Eggert and Arlene C. Eggert sued Barbara M. Lyne seeking a declaratory judgment
that there was a binding and enforceable contract between the Eggerts and Lyne
for the sale of property at Possum
 Kingdom Lake.  Both parties filed motions for summary
judgment; however, the Eggerts withdrew their motion.  The trial court granted Lyne=s no-evidence motion for summary judgment,
determined that the Eggerts should take nothing,  and awarded Lyne attorney=s fees. 
We affirm.

                                                                 Issues
on Appeal








In three
issues, the Eggerts argue that the trial court abused its discretion by denying
their motions for continuance and for leave to amend their pleadings, that the
trial court abused its discretion by granting Lyne=s motion for summary judgment and awarding
her attorney=s fees, and that the trial court performed Aits duties with bias and/or prejudice.@  The
Eggerts ask this court to render a declaratory judgment in their favor or
alternatively Aremand this case to a different trial
court, in a different venue.@

                                                                    Background

The
Eggerts filed their petition on September 20, 2006.  Lyne filed a pro se answer on October 15,
2004.  The Eggerts filed an objection to
Lyne=s answer and requested that a December 20,
2004, trial date not be changed.  Lyne
retained counsel who then filed an amended answer on November 22, 2004.  Lyne=s counsel also filed an objection to the
December 20 trial date requesting that the trial court reset the case or Aalternatively, continue this case.@  The
Eggerts responded by filing a copy of a letter Peter Eggert had sent Lyne=s counsel. 
A copy of this letter was also attached to Lyne=s objection as Exhibit B.  In the letter, Peter Eggert stated:

Hence, when [Lyne] now seeks to employ you
(in the 11th hour) and you accept such employment you will have to
do so under the prevailing conditions. 
Any attempt to undo [Lyne=s] actions, merely because she did so pro
se and/or you require additional time, constitutes an aberration of the law
because it clearly serves only [Lyne=s] desire to delay.

 

Additionally,
this being a matter of declaratory judgment, I fail to see where any additional
discovery, especially a tailored discovery under Level 3 [Tex. R. Civ. P. 190.4], would be
appropriate or even necessary.  A
declaratory judgment matter, particularly in light of the issues in the instant
case, is a determination of applicable law and any discoverable material could
easily be introduced as evidence at trial.

 

Your
request for our Ataking the matter off the trial docket@ can only be considered an attempt to delay
the proper and Court ordered trial date, and is, in the context of your
request, not acceptable.  Please be
advised that, in the event you file a motion requesting any time-delay, we will
ask the Court for discovery abuse sanctions.

 

Mr.
Anderson, as a young attorney, please take my advice in that if you had wanted
us to agree to a Acourtesy continuance@ you would have had to approach us in a
friendlier and more appropriate tone. 
Perhaps next time you will resort to a courteous telephone conference
when you want us to do you a favor.

 

The record does not
contain rulings on either Lyne=s or the Eggerts= objections.  The record does reflect that the trial court
held proceedings in this case on January 21, 2005.








On  November 29, 2004, the Eggerts filed their
motion for summary judgment.  No  summary judgment evidence was attached to the
Eggerts= motion. 
Lyne filed a response objecting that the Eggerts had produced no summary
judgment evidence to support their claims.

On
January 21, 2005, the Eggerts filed two motions requesting a continuance to
collect affidavits to justify their opposition to Lyne=s motion for summary judgment and to
support their motion for summary judgment and requesting permission to amend
their petition, motion for summary judgment, and response to Lyne=s motion for summary judgment to cure
defects and introduce newly discovered evidence.  The Eggerts asked for at least thirty days.

At the
January 21 hearing, Peter Eggert informed the court that Athere are defects in our summary judgment@ and stated that he needed Ato have time to cure.@ 
Peter Eggert stated that Kitty Boswell had Ajust recently informed [them] that she
ha[d] personal knowledge as to a certain part of the contractual obligations
and that she=s willing to testify and file an affidavit.@ 
Peter Eggert  also informed the
court that he had not yet secured an affidavit or any type of testimony from
Boswell because he was Ain San
 Antonio and she [was] over in - - on the Possum
Kingdom Area.@  It
is undisputed that Boswell was the Eggerts= real estate agent and that they had known
her Afor several years.@ 
Peter Eggert did not tender any evidence of the information he contended
Boswell could provide.  Lyne=s counsel strenuously objected to any
continuance on the grounds that the Eggerts=
motions were not proper, that they had not shown due diligence, and that the
Eggerts had been Aabsolutely inflexible@ on deadlines and should not now be allowed
to complain about the deadlines they had actually set.

The
trial court denied the Eggerts= requests for a continuance.  Peter Eggert then withdrew their motion for
summary judgment, and the trial court proceeded to hear Lyne=s no-evidence motion for summary judgment.

                   Trial Court=s Actions Concerning the Eggerts= Request for a Continuance








Neither
the motions requesting a continuance nor the affidavits attached to the motions
provide the information required by Tex.
R. Civ. P. 252.[1]  In these documents, general statements
concerning the testimony of Boswell are made. 
There are no specific statements concerning the materiality or the
content of the alleged testimony and no statements concerning due diligence in
securing the testimony of Boswell.  The
record does not support the contention that the trial court abused its
discretion by denying the Eggerts= request for a continuance.  El Dorado Motors, Inc. v. Koch, 168
S.W.3d 360 (Tex.
App.CDallas 2005, no pet.); Tri-Steel
Structures, Inc. v. Baptist Found. of Tex.,
166 S.W.3d 443 (Tex. App.CFort Worth 2005, pet. denied); Grace v.
Duke, 54 S.W.3d 338 (Tex. App.CAustin 2001, pet. denied).  The first issue is overruled.

         Trial Court=s Actions Concerning Lyne=s No-Evidence Motion for Summary Judgment

Lyne
moved for summary judgment on the grounds that there was no evidence of a
valid, enforceable contract B an essential element of the Eggerts= claims. 
The Eggerts filed a response objecting to Lyne=s motion.  The following was attached to the
response:  a copy of a residential sale
contract signed only by Lyne on June 17, 2004; a copy of a check from Lyne; a
copy of a note from Lyne to Peter Eggert stating that her standard practice of
doing business was to get everything in writing and requesting that he clarify
his position in writing; a copy of a facsimile transmission from Peter Eggert
in which he acknowledged that Lyne=s offer of June 17 had been rejected;
documents concerning a counter offer; and documents in which Lyne stated that
she was Aback[ing]-out of the negotiation process,@ had Ano further interest in the property on Hawk
Road,@ and was withdrawing Aall offers previously made.@

Under Tex. R. Civ. P. 166a(i), a trial court
must grant a no-evidence motion unless the nonmovant produces summary judgment
evidence raising a genuine, material fact issue.  The appellate court reviews evidence
presented in response to a motion for a no‑evidence summary judgment in
the same way it reviews a directed verdict. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  The
Eggerts produced no evidence of a valid, enforceable contract.  In fact, there was no evidence of any written
bilateral contract or of any meeting of the minds concerning the sale of the
property.  To the extent that the second
issue challenges the granting of Lyne=s no-evidence motion for summary judgment,
the issue is overruled. 

                                                          Award
of Attorney=s Fees








After hearing the arguments on Lyne=s motion for summary judgment, the
trial court proceeded to hear Lyne=s
request for attorney=s
fees.  Counsel for Lyne testified
concerning the nature of the case, the hours he had worked on this case, the
court costs, his background and experience, and his hourly rate.  Counsel stated that his actual attorney=s fees were $5,744.75 as of the date of
the hearing; however, counsel stated that he believed a fair and equitable
adjustment would be $4,900.  Counsel
further testified as to attorney=s
fees in case of appeals to the intermediate court of appeals and to the Texas
Supreme Court.  The Eggerts neither
objected to this testimony nor cross-examined Lyne=s
counsel.

Pursuant to Tex.
Civ. Prac. & Rem. Code Ann. '
37.009 (Vernon
1997), the trial court awarded attorney=s
fees in the amount of $4,900 to Lyne as the prevailing party in the suit
brought by the Eggerts.  On appeal, the
Eggerts challenge this award because the trial court failed to first rule on
the merits of their claim, because Lyne did not comply with the Section 37.009
requirement that the party seeking to recover attorney=s
fees must prove such fees were necessary, and because the affidavit of Lyne=s counsel and his testimony at the
January 21 hearing were uncorroborated and the amount sought was
excessive.  We disagree.

 When the
no-evidence motion for summary judgment was granted, the Eggerts= claim of an enforceable contract was
disposed of, and the only remaining issue before the trial court was the issue
of Lyne=s request
for attorney=s
fees.  Lyne sufficiently established
attorney=s fees,
and the trial court did not abuse its discretion under Section 37.009. The
second issue is overruled.

                                               Trial
Court=s
Performance of Its Duties

In their final issue, the Eggerts state that the
trial court Aviolated
the Texas Code of Judicial conduct, Canon 3A(9), by performing its duties with
open bias and prejudice against pro se litigants.@  Specifically, the Eggerts argue that the
trial court Amade it
impossible for the Eggerts to preserve error,@
that the trial court erred by allowing Lyne=s
counsel to read in open court a portion of the letter from Peter Eggert to Lyne=s counsel, and that the trial court
showed bias when it denied the Eggerts=
motion for continuance.  We disagree.

The record before this court is devoid of any bias
or any appearance of bias on the part of the trial court.  In fact, the record reflects that the trial
court acted in an ethical, courteous, and professional manner.  Nothing before this court reflects that
either party was prohibited, prevented, or in any way discouraged from
objecting either in writing or in open court to any of the proceedings.  The letter from which Lyne=s counsel read was the same letter the
Eggerts filed as their objection to counsel=s
request for a continuance and the same letter Lyne filed as an exhibit to her
motion for continuance.  Moreover, the
Eggerts did not object when counsel read from the letter.

The Eggerts find the following statements from the
trial court particularly inappropriate:

THE COURT: 
All right.  Anything further on
the [Eggerts=] motion
[for continuance]? 

 

MR. ANDERSON: 
No, Judge.

 

THE COURT: 
Well, I guess, Mr. Eggert, even though as a young attorney, as you=ve referred to Mr. Anderson, he pretty
well nailed it when he said you made the bed. 
So I=m denying
the motion for continuance.  And I=ll hear the motions for summary
judgment.

 

The trial court used the terms that both Mr. Eggert and Lyne=s counsel had been using in the course
of the proceedings.  The record does not
support the Eggerts=
contentions on appeal, and the third issue is overruled.

                                                               This
Court=s Ruling

All arguments advanced by the Eggerts on appeal
have been considered, and each is overruled. 
The judgment of the trial court is affirmed.

 

PER CURIAM

October 26, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Rule 252 provides in part:

If the ground of such application be the want of testimony, the party
applying therefor shall make affidavit that such testimony is material, showing
the materiality thereof, and that he has used due diligence to procure such
testimony, stating such diligence, and the cause of failure, if known; that
such testimony cannot be procured from any other source; and, if it be for the
absence of a witness, he shall state the name and residence of the witness, and
what he expects to prove by him; and also state that the continuance is not
sought for delay only, but that justice may be done; provided that, on a first
application for a continuance, it shall not be necessary to show that the
absent testimony cannot be procured from any other source.