**JAMES M. CLIFTON, INC. and James M. Clifton, Appellants**

**v.**

**PREMILLENIUM, LTD., Appellee.**

No. 05–06–00826–CV.

Court of Appeals of Texas, Dallas.

July 27, 2007.

Robert L. Hoffman, Harvey G. Joseph, Law Offices of Harvey G. Joseph, Dallas, for Appellants.

D. Woodard Glenn, Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

James M. Clifton, Inc. and James M. Clifton (together, "Clifton"), appeal a summary judgment in favor of appellee Premillenium, Ltd. For the reasons discussed below, we reverse the judgment of the trial court and remand this cause for further proceedings.

### BACKGROUND

In an earlier lawsuit, Premillenium sued Clifton and others in a dispute arising out of their participation in the construction and operation of a Collin County apartment complex. Four parties eventually entered into a Compromise Settlement Agreement and Release (the "Agreement"). The parties to the Agreement were Premillenium, Clifton (both individually and corporately), and an entity named "L of EP, Ltd.," which was designated the "Partnership" for purposes of the Agreement. The Agreement included provisions for payment or repayment of three categories of moneys:

(1) certain unpaid sums under the partnership agreement, to be paid to Clifton by the Partnership;

(2) excess management fees and/or lease up fees, and certain other disbursements, costs, or expenses, to be repaid to the Partnership by Clifton; and

(3) amounts loaned or advanced during the parties' relationship, to be repaid to Clifton by the Partnership.

In each of these categories the Agreement identified an amount believed to be due, but Premillenium was given the right to submit determination of the various amounts to a specific accounting group for a binding determination; Premillenium exercised that right. The accountants issued their final report (the "Report"), which concluded that Clifton should reimburse L of EP, Ltd. total costs of $69,112.79. In its background section, the Report states that L of EP, Ltd. "was owned 15% by James M. Clifton and/or an entity controlled by James M. Clifton and 85% by Premillenium, Ltd."

In this second suit, Premillenium sued Clifton alleging it had breached the Agreement by failing to pay the amount owed according to the Report. Clifton answered initially with a general denial. Premillenium filed a motion for summary judgment, urging that it was entitled to judgment as a matter of law on the breach of contract claim. Its evidence included both the Agreement and the Report. The motion sought recovery of the $69,112.79 owed as well as attorney's fees and costs.

Clifton's Response to Motion for Summary Judgment pointed out that the Agreement required all of the payments at issue to be made between Clifton and the Partnership. Thus, Clifton urged, any amounts owed by Clifton under the Agreement were owed to L of EP, Ltd. rather than to Premillenium.

Several days before Clifton filed its Response, it filed its First Amended Original Answer, adding the following statement to its initial pleading:

The defendants also specifically deny that they contracted with the plaintiff in this suit or that plaintiff has standing to bring this action.

The Amended Answer was verified. It was also untimely pursuant to the trial court's scheduling order. Premillenium moved to strike the Amended Answer. Clifton sought leave to file its Amended Answer; at the same time it argued the verified motion was not necessary, because the issue of standing is a matter of the plaintiff's proof rather than a defensive matter.

The trial court granted Premillenium's motion in its entirety. Clifton moved for a new trial, but the trial court denied that motion and, on the same day, struck Clifton's Amended Answer. Clifton appeals and raises one issue in this Court: did the trial court err in granting Premillenium's motion for summary judgment? Clifton asks us to determine specifically (a) whether Rule 93 requires a sworn answer alleging lack of standing in this case, and (b) if it does, whether Clifton's Amended Answer, though later stricken, was sufficient to raise the issue of standing.

### Summary Judgment On the Agreement

■ Under Texas summary judgment law, the party moving for summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. Pro. 166a(c); *M.D. Anderson Hosp. and Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We take the nonmovant's evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of the nonmovant. *Nixon v. Mr. Prop. Mgm't Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A motion for summary judgment must stand on its own merits. Thus, a nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its

cause of action or defense. *M.D. Anderson Hosp.*, 28 S.W.3d at 23–24.

■ Premillenium, as summary judgment movant, had the burden to establish as a matter of law that it was entitled to judgment on its breach of contract claim. *See id.* The elements of a breach of contract claim are (1) the existence of a valid contract between the plaintiff and defendant, (2) the plaintiff performed, (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach. *Barnett v. Coppell N. Tex. Ct., Ltd.*, 123 S.W.3d 804, 815 (Tex.App.-Dallas 2003, pet. denied). Both parties acknowledge the Agreement. And, Premillenium's summary judgment evidence was sufficient to establish the amount due under the Agreement and that Clifton owed that amount. However, the summary judgment record fails to establish that Clifton owes the determined amount to Premillenium. To the contrary, the record—including the face of the Agreement and the face of the Record—indicates Clifton was to pay that amount to L of EP, Ltd. And Premillenium has offered no summary judgment evidence to establish why it has the legal right to recover a contractual debt that is owed to L of EP, Ltd. By failing to establish Clifton owed the contractual debt to Premillenium, Premillenium has failed to show Clifton breached its obligation under the Agreement by refusing to pay Premillenium.

■ Proof that Clifton failed to perform an obligation under the Agreement is central to Premillenium's burden as plaintiff in its breach of contract claim. *See id.* By moving for summary judgment, Premillenium shouldered the obligation to prove that element of its claim as a matter of law. *See M.D. Anderson Hosp.*, 28 S.W.3d at 23. Clifton's position that it was not obligated by the Agreement to pay Premil-

lenium is not a matter of avoidance; it need not be pleaded as an affirmative defense or verified under Rule 93. A general denial was sufficient to put Premillenium's pleaded allegations in issue. *See* Tex.R. Civ. Pro. 92. Therefore, the issue of Clifton's stricken Amended Answer is not relevant to our resolution of this appeal.

### Conclusion

Premillenium did not establish conclusively that it was entitled to recover the sum owed by Clifton to L of EP, Ltd. under the Agreement. Thus, Premillenium failed to establish a breach of the Agreement by Clifton. We decide Clifton's sole issue in its favor. We reverse the trial court's judgment and remand this cause for further proceedings.