In the Interest of M.A.H., A.B.H., and C.T.H., Children.

No. 05–10–01505–CV.

Court of Appeals of Texas, Dallas.

March 29, 2012.

Rehearing Overruled May 16, 2012.

Thomas B. Cowart, Wasoff & Cowart, PLLC, Dallas, TX, for Appellant.

Katherine Lee Metcalf, Attorney at Law, Rockwall, TX, Brent M. Higa, Wylie, TX, Ashley Bowline Russell, O'Neil Attorneys, Dallas, TX, for Appellee.

Before Justices MORRIS, FILLMORE, and MYERS.

## OPINION

Opinion By Justice MYERS.

Appellant and appellee are, respectively, the mother and father of M.A.H., A.B.H., and C.T.H. Appellant appeals the trial court's judgment on a rule 11 agreement in this case filed by appellee for divorce and suit affecting the parent-child relationship. Appellant brings two issues asserting the trial court erred in rendering judgment on the agreement after appellant had withdrawn her consent to the agreement. We affirm the trial court's granting the divorce, and we otherwise reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

Appellant and appellee were married with three minor children when appellee filed for divorce. The parties, without attorneys present, negotiated an agreement between themselves concerning the division of property, spousal maintenance, possession and conservatorship of the children, and child support. Appellee's attorney prepared a written rule 11 agreement purporting to incorporate the terms of their agreement. The proposed divorce decree incorporated into the rule 11 agreement made an unequal division of community property in favor of appellee, made the parties joint managing conservators of the children, gave appellee the exclusive right to designate the children's primary residence, ordered appellant to pay child support of $333.84 per month, and ordered appellee to pay appellant maintenance of $700 per month for thirty-six months. The first page of the agreement stated the parties "have not signed by virtue of any coercion, any duress, or any agreement other than those specifically contained herein." The second page of the agreement stated in underlined and boldface letters, "Both parties further agree that by signing this Rule 11 Agreement the Final Decree of Divorce . . . is not subject to revocation, is enforceable as a contract and is not subject to appeal." (Emphasis omitted.) The agreement also stated the parties acknowledge that before signing the agreement, they had read it "fully and completely" and had the opportunity to seek advice of counsel. The agreement stated that the parties signed it believing it "to be a just and right division of the marital debt and assets." The agreement also stated in large, capitalized, underlined, and boldface letters, "This agreement is not subject to revocation." (Emphasis omitted.) The parties signed the agreement before a notary on July 16,

2010, and the agreement was filed in the trial court.

On August 2, 2010, appellant filed her answer pro se in the trial court, stating:

I did not sign the documents under my own free will. I signed them forcibly, was threatened by my husband and under duress. He told me he would take my kids away and put me in jail for past credit debt. I was sick, scared, depressed & worried about losing my kids. Please give me the opportunity to explain my side to the court now that I found out what I signed and his intention to have me leave my house by August 9. I do not have any money for legal help or anywhere to go. My husband is constantly tormenting me of my situation.

By August 5, appellant had retained counsel, who filed a motion to set aside the rule 11 agreement, alleging appellant signed the agreement under duress without having an opportunity to review it, without knowledge of many of its provisions, and that the provisions were not just and right. The motion asked the court to "set aside the Rule 11 Agreement and all other documents that were signed by [her] on Friday, July 16, 2010."

On August 9, 2010, appellee filed his "Counterclaim and Motion to Enforce Rule 11 Agreement and to Sign Decree of Divorce." Appellee's "motion" was set for hearing three days later on August 12.

At the August 12 hearing, the parties testified about the circumstances surrounding the creation and signing of the rule 11 agreement and about whether its unequal property division in favor of appellee was just and right. Appellant testified she did not have an attorney to advise her on the agreement because she had no money of her own and appellee would not provide her with funds to hire an attorney. Appellant had a high school education, but

she testified she did not know the meaning of the word "revocation" in the sentence, "This agreement is not subject to revocation." She testified she signed it because appellee threatened to put her in jail if she did not sign it.[1] The notary asked appellant if she knew what she was signing and if she was signing of her own free will, and she answered "yes" to both questions. She testified, however, that she did not know what she was signing and "I just signed it just to get him off my back."

Appellant testified that the written agreement differed from their discussions in that the written agreement gave appellee primary custody of the children, required appellant to vacate the house by August 9, and permitted appellee to claim the children as his dependents on the 2010 taxes. Appellant also did not understand that the child support payments would last longer than the spousal maintenance payments. Appellant testified she never would have agreed to appellant having primary custody of the children. She testified she never would have signed the documents if appellant had not been threatening her with legal action. Appellant asked the trial court to give her the opportunity "to properly investigate the case to determine what's a fair and equitable distribution of the estate and what's in the children's best interest."

On August 12, 2010, the trial court signed the final judgment, which was consistent with the rule 11 agreement. The judgment stated,

> The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

The trial court subsequently denied a motion for new trial.

Appellant filed a notice of appeal and an affidavit of indigency seeking to avoid payment of the fees for preparation and filing of the appellate record. The clerk and the court reporter challenged appellant's inability to pay costs. At the hearing on the challenges to appellant's indigency status, appellant testified that pursuant to the divorce decree, she had received two cars, a boat, half of appellee's retirement benefits, and the $364 monthly payments[2] from appellee. Appellant had sold the cars and the boat and had spent most of the proceeds and the cash received in the divorce to purchase a car, a mobile home, and furniture and appliances for the mobile home. The trial court sustained the challenge, partly because appellant testified she had $2500 in a savings account.

## ESTOPPEL BY ACCEPTANCE OF BENEFITS OF THE JUDGMENT

 Appellee asserts appellant is estopped from challenging the judgment on appeal because she accepted benefits of the judgment. "A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle*, 149

---

1. Appellant testified that appellee's threats to put her in jail were based on her incurring debt of about $60,000 on credit cards she had obtained in appellee's name without his knowledge.

2. Appellant testified appellee deducted the child support appellant was to pay from the $700 monthly spousal maintenance payments and sent her the remainder, which appellant testified was $364.

Tex. 469, 234 S.W.2d 1002, 1004 (1950). Thus, a party who accepts the benefits of a judgment is estopped from challenging the benefits of the judgment on appeal. *Waite v. Waite,* 150 S.W.3d 797, 803 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). This doctrine often arises in divorce cases when one spouse accepts some of the benefits of the judgment and then tries to appeal the judgment. *Id.* The appellee has the burden of proving the appellant is estopped. *Id.* An exception to the acceptance of benefits doctrine arises when, due to economic necessity, the acceptance of benefits is not voluntary because of financial duress or other economic circumstances. *Id.*

Appellant presented evidence of her duress due to economic circumstances in her testimony on the challenge to her affidavit of indigency and in her affidavit supporting her response to appellee's motion to dismiss the appeal.[3] The evidence shows appellant's acceptance of the benefits was involuntary due to economic necessity. Appellant testified that she did not have a job at the time of the divorce. After the divorce, she worked as a receptionist, but she lost her job due to her inability to coordinate her work schedule with her periods of possession of the children. Appellant had no money of her own at the time of the divorce except for what appellee would provide her. Appellant was required to move out of the house and could take only her clothes and some small items with her. She could not take any furniture or appliances. The evidence shows that appellant had no job and no valuable possessions aside from the benefits of the divorce, namely, the two cars, the boat, and one half of appellee's retirement benefits. Appellant testified she "had no choice but to use the assets that came to me

under the divorce decree to support myself." Appellant could not live in the cars or the boats. Appellant sold the cars and boat, and she bought a mobile home and a smaller car with the proceeds. Appellant testified she bought the mobile home instead of renting a home because she did not have a monthly income to pay rent. Appellant was worried she would run out of money and not have a home for herself and for her periods of possession of the children. Appellee did not present any contrary evidence of appellant's economic circumstances.

These facts demonstrate appellant's acceptance of the benefits of the judgment was due to economic necessity. We conclude appellee failed to establish that appellant is estopped from bringing this appeal.

## WITHDRAWAL OF AGREEMENT TO JUDGMENT

 In her two issues, appellant contends the trial court erred in rendering judgment after appellant withdrew her consent to the rule 11 agreement's agreed judgment, and that her withdrawal of consent made the entire judgment invalid. Ordinarily, a court may not enter an agreed judgment under rule 11 when one of the parties no longer consents to the judgment. *See Ford Motor Co. v. Castillo,* 279 S.W.3d 656, 663 (Tex.2009); *Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex.1995); *Gunter v. Empire Pipeline Corp.,* 310 S.W.3d 19, 22 (Tex.App.-Dallas 2009, pet. denied). A judgment enforcing a settlement agreement after one of the parties revokes consent is void. *S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995); *Cook v. Cook,* 243 S.W.3d 800, 802 (Tex.App.-Fort Worth 2007, no pet.). When one party revokes consent to a rule

---

**3.** Appellee moved to dismiss the appeal based on estoppel by acceptance of the benefits of

the judgment. We deny that motion by order of this date.

settlement agreement, the party seeking enforcement of the agreement for judgment may enforce the agreement through a separate claim for breach of contract. *Ford Motor Co.*, 279 S.W.3d at 663; *Padilla*, 907 S.W.2d at 461. The Texas Family Code provides for agreed judgments concerning the dissolution of the marriage and division of marital property, child support, conservatorship, and possession of children. *See* TEX. FAM.CODE ANN. §§ 6.604, 7.006 (West 2006); *id.* §§ 153.007, 154.124 (West 2008).[4]

### Agreement on Dissolution of Marriage

Concerning the issues related to dissolution of the marriage, which includes the division of the marital estate and spousal maintenance, appellant argues that section 7.006 of the Family Code applies and permits her to revoke her consent to the agreement. *See* TEX. FAM.CODE ANN. § 7.006; *see also id.* § 7.001 (divorce decree shall include division of marital estate), § 8.051 (court may order spousal maintenance in divorce action). Section 7.006 provides,

> To promote amicable settlement of disputes in a suit for divorce or annulment, the spouses may enter into a written agreement concerning the division of the property and the liabilities of the spouses and maintenance of either spouse. *The agreement may be revised or repudiated before rendition of the divorce or annulment unless the agreement is binding under another rule of law.*

*Id.* § 7.006(a) (emphasis added). Appellant argues that no other law makes the agreement binding, so she was free to repudiate it before the rendition of the divorce. We disagree.

Section 6.604 provides that spouses may enter into a settlement agreement on issues concerning dissolution of marriage. *See id.* § 6.604. The agreement is binding on the parties if it:

> (1) provides, in a prominently displayed statement that is in boldface type or in capital letters or underlined, that the agreement is not subject to revocation;
>
> (2) is signed by each party to the agreement; and
>
> (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

*Id.* § 6.604(b). If the agreement meets these requirements, then "a party is entitled to judgment on the settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 6.604(c). Although an agreement that meets these requirements is binding on the parties, it is not binding on the trial court unless the court finds the agreement's terms "are just and right."

---

4. The Family Code also provides for mediated settlement agreements. If the parties agree to mediation or the court sends a suit for dissolution of marriage or a suit affecting the parent-child relationship to mediation and an agreement results, the agreement is binding on the parties if it contains a statement that the agreement is not subject to revocation, and is signed by the parties and their attorneys, if any, present at the signing of the agreement. *See* TEX. FAM.CODE ANN. § 6.602(b), (c) (West 2006); *id.* § 153.071(c), (d) (West 2008). Unlike unmediated agreements, where the court may refuse to enter an agreed judgment that is not just and right or not in the best interest of the children, the trial court has no authority not to enter a mediated settlement agreement unless family violence is involved. *See id.* §§ 153.071(e–1); *see also Milner v. Milner*, 361 S.W.3d 615, 618, at *1 (Tex.2012). In this case, the parties' agreement was not a mediated settlement agreement because the parties did not agree to mediation, the trial court did not refer the suit to mediation, and no mediator was involved in the creation of the agreement. Thus, the statutory provisions making mediated settlement agreements irrevocable do not apply in this case.

*Id.* § 6.604(d). If the court so finds, then the agreement is binding on the court. However, if the court finds the terms are not just and right, "the court may request the parties to submit a revised agreement or set the case for a contested hearing." *Id.* § 6.604(e).

The agreement in this case stated in capitalized, boldface, underlined type that was larger than the surrounding text, *"THIS AGREEMENT IS NOT SUBJECT TO REVOCATION."* The agreement, the attached agreed judgment, and a qualified domestic relations order (which concerned the division of appellee's retirement benefits) were signed by appellant, appellee, and appellee's attorney. Thus, the agreement met the requirements of section 6.604(b) and was binding on the parties insofar as it concerned the dissolution of marriage, division of the marital estate, and spousal maintenance. The trial court stated that the agreement was just and right, so the agreement was binding on the trial court.[5]

### Agreements on Child Support, Conservatorship, & Possession of Children

■ If the parties, without mediation, reach an agreement on possession and conservatorship of the children or an agreement on child support, and if the court finds the agreement is in the best interest of the children, the court shall render an order in accordance with the agreement. *See* TEX. FAM.CODE ANN. §§ 153.007(a), (b), 154.124(a), (b). Unlike agreements concerning the dissolution of marriage, which by statute are not revocable, the statutes concerning unmediated agreements on child support, conservatorship, and posses-

sion of children lack similar language stating they are irrevocable. Sections 153.007 and 154.124 permit the trial court to render orders in accordance with an "agreed parenting plan" or "agreement." *See id.* §§ 153.007(b), 154.124(b). In this case, appellant revoked her consent to the agreement before the trial court rendered its orders on the agreement. Therefore, when the court rendered its orders, there was no longer an agreement in place. Accordingly, the trial court could not enter orders on child support, conservatorship, and possession in accordance with the rule 11 agreement based solely on that agreement. *See Ford Motor Co.,* 279 S.W.3d at 663; *Padilla,* 907 S.W.2d at 461; *see also Milner,* 361 S.W.3d at 618, at *3 n. 2.

### Judicial Admissions

■ Appellee contends appellant's judicial admissions preclude her from disputing the enforcement of the agreement. True judicial admissions constitute formal waivers of proof. *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.,* 606 S.W.2d 692, 694 (Tex.1980). They are conclusive against the party making the admission, they relieve the opposing party's burden of proving the admitted fact, and they bar the admitting party from disputing the admitted fact. *Id.* Judicial admissions are usually contained in the parties' pleadings or stipulations. *Id.*

Appellee asserts that appellant, by signing the rule 11 agreement, judicially admitted that the agreement was a binding and enforceable contract, that the division of property was just and right and in the children's best interest, that the terms concerning child support, conservatorship, and possession of the children were in the

---

**5.** Appellant does not assert on appeal that the agreement on the division of the marital estate was voidable due to being signed under duress. Accordingly, we do not consider on

appeal whether the evidence established appellant signed the agreement under duress or whether an agreement under section 6.604 is voidable when signed under duress.

children's best interest,[6] and that the agreement constituted a final resolution of the case. If these statements in the rule 11 agreement constitute true judicial admissions, and we make no holding that they do, the admissions relieved appellee of the burden of proving these matters; however, the admissions did not relieve appellee of the burden of pleading breach of the rule 11 agreement and obtaining a judgment on that cause of action.

## Breach of Contract Action

Appellee appears to argue that his August 9, 2010 "Counterclaim and Motion to Enforce Rule 11 Agreement and to Sign Decree of Divorce" alleged a cause of action for breach of contract, that the August 12, 2010 hearing was a trial on appellant's breach of contract counterclaim, and that the divorce decree was a judgment on that claim. We disagree.

Assuming for purposes of this opinion that appellee's "counterclaim" alleged a breach of contract cause of action, nothing in the record shows that the hearing constituted a trial on that cause of action. The trial court gave no notice of a trial setting. Appellee's counterclaim and motion contained a "Notice of Hearing" section that stated, "The above *motion* is set for hearing on August 12, 2010...." (Emphasis added.) The "Notice of Hearing" did not address appellee's "counterclaim." No document purported to set a breach of contract cause of action for trial. The trial court's judgment is the divorce decree attached to the rule 11 agreement and states, "The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of hav-

ing approved this decree as to both form an substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract." After appellant's revocation of the agreement, the parties no longer stipulated to anything. The judgment contains no ruling on any breach of contract claim. All indications are that the court enforced the revoked rule 11 agreement, not that the court found appellant breached the rule 11 agreement.

We conclude the trial court erred in enforcing the rule 11 agreement concerning child support, conservatorship, and possession of the children. We sustain appellant's issues as to child support, conservatorship, and possession of the children.

## DISPOSITION

Appellant argues that if the judgment pertaining to child support, conservatorship, and possession of the children must be set aside, then the portions of the judgment pertaining to dissolution of the marriage must also be set aside. Based on the facts of this case, we agree in part.

Section 6.604 makes an agreement concerning division of the marital estate binding on the trial court only if it finds the agreement's terms are just and right. Tex. Fam.Code Ann. § 6.604(d), (e). Appellant presents no argument as to why section 6.604 was not applicable. Instead of affirming the decision of the trial court as to the property division, we can remand the issue for further proceedings when the ends of justice will be better served there-

6. The text of the rule 11 agreement, separate from the divorce decree, concerned only the division of the marital estate. It contained no statement that the parties agreed the divorce decree was in the children's best interest. The decree, which was incorporated into the rule 11 agreement, contained statements that the trial court found various provisions were in the children's best interest, but it contained no statement that the parties agreed the provisions were in the children's best interest.

by. *See Jensen v. Jensen,* 665 S.W.2d 107, 110 (Tex.1984); *Lifshutz v. Lifshutz,* 61 S.W.3d 511, 519 (Tex.App.-San Antonio 2001, pet. denied).

Section 7.001 of the Family Code requires the trial court to make a just and right division of the marital estate "having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. In this case, the trial court's decision that the agreement's terms concerning division of the marital estate were just and right appears to be based in part on its erroneous decision to enforce the agreement's provisions concerning child support, conservatorship, and possession after appellant revoked the agreement. Because the determination of child support, conservatorship, and possession may be altered by subsequent events in the trial court, the court should have the opportunity to reconsider whether the agreement's terms concerning the division of property remain just and right, having due regard for the rights of the parties and their children. If the trial court determines the agreement is just and right, then the court will be bound by the agreement and no change to the property division will be necessary. *See id.* § 6.04(d). If the trial court concludes the agreement is not just and right, then the trial court must either request the parties submit a revised agreement or set the case for a contested hearing. *See id.* § 6.04(e). The court may take into consideration appellant's earlier receipt of community property in any new property division.

## CONCLUSION

We affirm the trial court's judgment ordering the parties divorced. In all other respects, we reverse and remand the cause to the trial court for further proceedings without prejudice to the parties' rights to seek or avoid the enforcement of the rule 11 agreement as a contract. *See Padilla,* 907 S.W.2d at 462; *Cook,* 243 S.W.3d at 803.