**Opinion issued June 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00848-CV

———————————

## NANCY C. KENDRICK, Appellant

## V.

## PAUL SEIBERT, Appellee

On Appeal from the 311th District Court
Harris County, Texas
Trial Court Case No. 2009-30034

## O P I N I O N

Appellant, Nancy C. Kendrick, appeals the trial court's judgment in a suit to modify the parent-child relationship and agreement incident to divorce. In three issues, Kendrick argues the evidence is legally insufficient to establish that the attorney's fees awarded were reasonable.

We affirm.

## Background

Paul Seibert and Nancy Kendrick's divorce was finalized on December 22, 2009. Seibert and Kendrick agreed to the divorce decree, and both approved the decree as to both form and substance. The agreement provides, "To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract."

The agreement gave Kendrick the right to maintain possession of their children's passports. The passports provision required Kendrick to deliver the passports to Seibert within ten days of proper notification of intent to travel outside the United States with the children. The passports provision also established that, if Kendrick or Seibert violated those provisions, he or she would be liable for costs incurred due to noncompliance, including attorney's fees.

In January 2013, Seibert provided Kendrick with notice of his intent to take their children to Canada for three days in June 2013. Although she signed the notice before a notary and returned it to Seibert, Kendrick told Seibert that she would not deliver the children's passports to him. Seibert sent Kendrick another notice of his intent to take the children out of the country by certified mail. Seibert then filed a suit to modify the parent child relationship and agreement incident to divorce. Kendrick was served on June 3, 2013.

Kendrick did not file an answer to the suit, but she did deliver the children's passports to Seibert two days before the travel date. The trial court held a trial on September 6, 2013. Kendrick did not appear. Among other matters, Seibert testified about the attorney's fees incurred due to Kendrick's violation of the passport provision in the agreed divorce decree. Seibert testified that he had paid his attorney $2,500 in fees and $262 in other costs in his efforts to obtain the passports from Kendrick.

The trial court rendered judgment on the matter. In pertinent part, the trial court ordered Kendrick to pay Seibert's attorney $2,500 in attorney's fees and $262 in costs. Kendrick subsequently filed this notice of appeal.

**Standard of Review**

"The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In performing a legal-sufficiency review, we must credit favorable evidence if reasonable fact finders could credit it and disregard contrary evidence unless reasonable fact finders could not disregard it. *Id.* "If the evidence . . . would enable reasonable and fair-minded people to differ in their conclusions, then [fact finders] must be allowed to do so." *Id.* at 822. "A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls

within this zone of reasonable disagreement." *Id.* Although the reviewing court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support the verdict, if the evidence allows only one inference, neither fact finder nor the reviewing court may disregard the inference. *Id.* An appellant attacking the legal sufficiency of an adverse finding on an issue for which she did not have the burden of proof must demonstrate that there is no evidence to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983).

### Attorney's Fees

In her three issues, Kendrick argues the evidence is legally insufficient to support the award of attorney's fees because there is no evidence that the fees were reasonable. Seibert acknowledges that there was no evidence of the reasonableness of the attorney's fees presented at trial but argues that such evidence was not necessary to support the award.

Generally, attorney's fees are not recoverable from an opposing party unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Critical to our inquiry, then, is the determination of under what authority Seibert sought and obtained attorney's fees. Seibert argues that the agreed decree is enforceable as a contract, and, accordingly, he can recover attorney's fees pursuant to section 38.001 of the Texas Civil Practice and

4

Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2008). Kendrick argues that this section is inapplicable in this case because, "[t]his is a suit to enforce court orders," not "a suit based on contract." We hold that those two are not necessarily mutually exclusive.

In a divorce proceeding, the parties can enter into an agreement over the matters to be resolved in the divorce. *See* TEX. FAM. CODE ANN. § 7.006 (Vernon 2006). Similarly, the parties can enter into agreements concerning matters affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. §§ 153.007, 154.124 (Vernon 2014). For matters concerning the divorce and determination of the marital estate, the agreement is enforceable as a contract. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986); *Schwartz v. Schwartz*, 247 S.W.3d 804, 806 (Tex. App.—Dallas 2008); *see also Rich v. Rich*, No. 01-03-00078-CV, 2003 WL 21027940, at *2 (Tex. App.—Houston [1st Dist.] May 8, 2003, no pet.) (holding agreed divorce decree is enforceable as contract and as judgment); *Hicks v. Hicks*, 348 S.W.3d 281, 283 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding, because parties entered into agreed divorce decree, it is treated as contract between parties).

For matters concerning the parent-child relationship, terms of the agreement concerning conservatorship, access to the child, or child support are not enforceable as a contract. *See* TEX. FAM. CODE ANN. §§ 153.007(c), 154.124(c).

5

Any other terms concerning the parent-child relationship can be enforced as a contract. *See In re W.R.B.*, No. 05-12-00776-CV, 2014 WL 1008222, at *4 (Tex. App.—Dallas Feb. 20, 2014, no pet. h.) (holding term concerning post-majority support is enforceable as contract).

The divorce decree was agreed to by the parties. It was signed by Kendrick and Seibert, both of them approving the decree as to form and substance. The agreement specifically provides, "To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract." The provision at issue—the passport provision—concerns the parent-child relationship, but it does not concern conservatorship, access to the child, or child support. Because the divorce decree was agreed to by the parties and the passport provision does not concern a matter that cannot be enforced as a contract, we hold it is enforceable as a contract.

Section 38.001 provides, "A person may recover reasonable attorney's fees from an individual . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). Kendrick argues that Seibert did not present any evidence to establish that the $2,500 in attorney's fees was reasonable. Siebert acknowledges that he did not present any evidence of the reasonableness of the fees at trial but argues the evidence is still legally sufficient. We agree.

6

"The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in a proceeding before the court." TEX. CIV. PRAC. & REM. CODE ANN. § 38.004(1) (Vernon 2008). "It is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable. The presumption may be rebutted." TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 (Vernon 2008). "The trial court's own proceedings together with the fact that it may take judicial notice of usual and customary fees constitute some evidence to support the award of appellate attorney's fees." *Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990). Appellate courts can presume that the trial court took judicial notice of the case file and of the usual and customary fees pursuant to section 38.004. *Vaughn v. Tex. Emp't Comm'n*, 792 S.W.2d 139, 144 (Tex. App.— Houston [1st Dist.] 1990, no writ). When there is no evidence to rebut the presumption in section 38.003, "no further evidence [is] required to establish reasonableness of attorney's fees." *Id.*

Kendrick argues that these statutory provisions do not apply because the trial court can only take judicial notice of the case file and usual and customary fees in "a proceeding before the court" or "a jury case in which the amount of attorney's fees is submitted to the court by agreement." TEX. CIV. PRAC. & REM. CODE ANN. § 38.004. It is undisputed that there was no jury trial, so the second option is not

7

applicable. *See id*. § 38.004(2). Kendrick argues the first option is not available either, relying on cases establishing that these provisions do not apply to summary judgment proceedings. *See Coward v. Gateway Nat'l Bank of Beaumont*, 525 S.W.2d 857, 858 (Tex. 1975); *Gen. Elec. Supply Co. v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 601 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Seibert did not obtain attorney's fees in a summary judgment proceeding. Accordingly, these cases are inapplicable.

Regardless of whether the proceeding below is characterized as a hearing or a trial, it indisputable that it was "a proceeding before the court." There was no jury. Evidence was presented.[1] The trial court made factual determinations and ruled accordingly. We hold section 38.004 applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.004(1).

Kendrick and Seibert's divorce decree was an agreed decree, making it both a contract and a judgment. *See Schwartz*, 247 S.W.3d at 806; *Rich*, 2003 WL 21027940, at *2. Kendrick violated the contract's terms concerning delivery of the children's passports. Seibert filed suit seeking enforcement of the passport provisions. Accordingly, Seibert's suit included a claim for a written contract.

---

[1] Kendrick also relies on *Garcia v. Martinez*, 894 S.W.2d 806, 807 (Tex. App.—Corpus Christi 1994, no writ) for the proposition that a trial court cannot determine reasonableness of attorney's fees based on judicial knowledge without the benefit of an evidentiary hearing on the matter of attorney's fees. Given that evidence of attorney's fees was presented, we hold this case also has no application here.

8

Section 38.001 allows a party to recover reasonable attorney's fees for such a claim. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). When section 38.001 applies, a trial court can take judicial notice of the case file and of the usual and customary attorney's fees, and the usual and customary fees are presumed to be reasonable. *See id.* §§ 38.003, .004(1). Taking judicial notice of these two things is legally sufficient to support a determination that the attorney's fees award was reasonable. *Gill Sav. Ass'n*, 797 S.W.2d at 32.

We hold the evidence is legally sufficient to establish that the trial court's award of attorney's fees incurred in enforcing the passport provision. We overrule Kendrick's three issues.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

9