**Dismissed and Opinion Filed December 12, 2016**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00856-CV

### IN THE INTEREST OF C.S.B AND R.D.B

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-15158**

## MEMORANDUM OPINION
Before Justices Francis, Stoddart and Whitehill
Opinion by Justice Francis

In this appeal from a final decree of divorce, appellant Mary Davis Beougher challenges the trial court's division of the parties' property, debts, and attorney's fees. In response, appellee Ritchie Dean Beougher has requested this Court dismiss the appeal based on appellant's acceptance of certain benefits of the judgment.

It is a well-established rule that a litigant cannot treat a judgment as both right and wrong by voluntarily accepting some of the judgment's benefits and appealing the remainder. *See Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950); *In re M.A.H.*, 365 S.W.3d 814, 817–18 (Tex. App.—Dallas 2012, no pet.). This doctrine often arises in divorce cases where one spouse accepts part of the divorce decree and tries to appeal the rest. *See M.A.H.*, 365 S.W.3d at 818. Once a spouse affirmatively acquiesces to the judgment of divorce, and relies on it to receive benefits, that spouse is estopped from challenging the judgment's validity unless an exception to the rule applies. *See Waite v. Waite*, 150 S.W.3d 797, 803–04 (Tex. App.—Houston [14th Dist.]

2004, pet. denied); *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex. App.—Dallas 1977, no writ). The appellee has the burden to prove estoppel. *See M.A.H.*, 365 S.W.3d at 818. Once estoppel is shown, the burden then shifts to the appellant to show that his or her actions fall within an exception to the rule. *See Waite*, 150 S.W.3d at 804; *Richards v. Richards*, 371 S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2012, no pet.)

In this case, the final decree of divorce awarded each of the parties a one-half, undivided, separate property interest in a lake house owned during the marriage. The decree further ordered that the lake house be sold and the proceeds used to pay court costs and the parties' attorney's fees. The court appointed a receiver and a realtor to effectuate the sale. Appellee submitted an affidavit in which he testified that he and appellant agreed on a sales price for the house. Appellee also submitted evidence that the lake house was sold and, approximately two months later, the trial court ordered the receiver to disburse the net proceeds of the sale to the parties' attorneys. By acquiescing in both the sale of the house and the use of the proceeds to pay her separate debts, appellant voluntarily accepted some of the benefits of the judgment she now challenges. We conclude appellee met his burden to show that appellant is estopped from appealing the decree.

The burden then shifted to appellant to show that her acceptance of the benefits of the judgment fell within either of two narrow exceptions to the estoppel rule: (1) acceptance of the benefits of the judgment was a result of financial duress or other economic circumstances or (2) reversal of the judgment on the grounds appealed could not possibly affect her right to the benefits accepted. *See Richards*, 371 S.W.3d at 414–15. Appellant filed no response to appellee's request for dismissal of the appeal. Absent any showing that either of the two exceptions applies to appellant's actions, we conclude she is estopped from appealing the trial court's judgment.

Based on the foregoing, we dismiss this appeal.  *See id.* at 417.


/Molly Francis/
MOLLY FRANCIS
JUSTICE


140856F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.S.B AND R.D.B

No. 05-14-00856-CV

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-11-15158.
Opinion delivered by Justice Francis.
Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee Ritchie Dean Beougher recover his costs of this appeal from appellant Mary Davis Beougher.

Judgment entered December 12, 2016.