**CONCUR; and Opinion Filed December 13, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01472-CV

### SAMUEL ADAM AFLALO, Appellant
### V.
### DEVIN LAMAR HARRIS AND MEGHAN THERESA HARRIS, Appellees

**On Appeal from the 95th Judicial District Ct**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00247**

## CONCURRING OPINION
Before the Court En Banc
Opinion by Justice Schenck

In this Court's majority opinion, we focus on a single provision of the standard One to Four Family Residential Contract (Resale) because it was the only provision of the contract the parties argued pertained to the resolution of their dispute. That provision, paragraph 7.B, addresses the seller's disclosure notice pursuant to section 5.008 of the property code. *See* TEX. PROP. CODE ANN. § 5.008. The Court concludes that Aflalo was required to disclose everything the text of property code section 5.008 required, not what Texas Association of Realtors (TAR) forms 1406 and 1414 required. While I join with my colleagues in this result, I write separately to explain why I believe the merger and modification provision of the sales contract also and more directly mandates reversal in this case. As detailed below, I believe the contract's plain language precludes

the summary judgment the Harrises sought. I pause first to address whether we are entitled to apply its language.

The issue presented in a traditional summary judgment proceeding such as this is whether the movant established, as a matter of law, that it was entitled to judgment. *See James M. Clifton, Inc. v. Premillenium, Ltd.*, 229 S.W.3d 857, 859 (Tex. App.—Dallas 2007, no pet.). Of course, if the movant's summary judgment proof is legally insufficient on its face, the nonmovant need not even respond to it. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Here, the Harrises presented the resale contract in support of their motion for summary judgment, in which they argued (1) Aflalo failed to perform because he did not provide a TAR-1414 form and (2) they did not breach the contract. That contract also contains a provision that controls the issue presented below and here—namely whether Aflalo was obliged to provide the Harrises with TAR form 1414. I concede that Aflalo did not point to the merger clause in opposition to the Harrises' motion for summary judgment and likewise did not address this provision here. "Of course, not all legal arguments bearing upon the issue in question will always be identified by counsel, and we are not precluded from supplementing the contentions of counsel through our own deliberation and research." *Coggin v. Longview Indep. Sch. Dist.*, 337 F.3d 459, 471 (5th Cir. 2003) (Edith Jones, J., dissenting) (quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1980) (Scalia, J.)); *see also Miller v. JSC Lake Highlands Operations, LP*, 536 S.W.3d 510, 513 n.5 (Tex. 2017) (holding all arguments relating to an issue presented below to be live for decision regardless of whether they were raised in the intermediate court of appeals).[1] Accordingly, while the lawyers must raise issues, we are not constrained by the arguments and authorities advanced by counsel. Thus, when an argument is fairly subsumed within the issue presented to us for decision, as it is

___

[1] *See also U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 98 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

here, it is often more efficient (and may allow us to avoid unnecessary or novel legal questions) to simply address it on our own or by seeking supplemental briefing, if necessary. TEX. R. APP. P. 38.9.

The construction of an unambiguous contract is a question of law, which we review de novo. *Matheson Tri–Gas, Inc. v. Atmel Corp.*, 347 S.W.3d 339, 343 (Tex. App.—Dallas 2011, no pet.). To determine the parties' intent, we examine the entire agreement and give effect to all its provisions so that none are rendered meaningless. *Id.* We do not consider the parties' present interpretations of the agreement, and we are not concerned with the parties' subjective intent. *Id.*

The resale contract at issue here contains a clause that states "[t]his contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are . . . Third Party Financing Addendum for Credit Approval." There is no mention of TAR forms 1406 and 1414 in the merger provision or otherwise in the contract. Instead, the obligation to execute those forms is said to arise thereafter and by one party's choice of a form that references them. Absent a separate writing signed by the parties, Aflalo had no contractual obligation to provide the information listed in TAR forms 1406 and 1414 that exceed the scope of section 5.008. The summary judgment record does not contain evidence of such an agreement. Accordingly, the Harrises are not entitled to summary judgment on their breach of contract claim.

For the foregoing reasons, I do not join in the majority's opinion and, instead, respectfully concur in the Court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

161472CF.P05

–3–