

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES TIDWELL, | § | No. 08-17-00120-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 383rd District Court |
| BIANCA NICOLE TIDWELL, | § | |
| | § | of El Paso County, Texas |
| Appellee. | § | |
| | § | (TC# 2014DCM0671) |

## MEMORANDUM OPINION

This appeal arises from a divorce action between Appellant, James Tidwell and Appellee, Bianca Nicole Tidwell. On appeal, Appellant contends the trial court erred by failing to enforce the parties' Rule 11 agreement and by not awarding him attorney's fees due to Appellee's breach of the agreement. For reasons set forth below, we affirm the trial court's judgment.

*BACKGROUND*

Appellee filed for divorce from Appellant on February 4, 2014. Appellant filed his Answer and Original Counterpetition for Divorce on May 9, 2014. Both parties sought temporary relief, and a hearing was set for May 19, 2014.

On May 19, 2014, the parties and their respective attorneys appeared before Associate Judge Juarez. The parties testified that they had reached an agreement regarding their child, and

the division of marital assets and liabilities. No mediated settlement agreement or other written agreement was presented. Counsel for Appellee recited various terms of the agreement into the record, and Appellant's trial counsel also confirmed Appellant's agreement with its terms. Both parties asked the court to approve the agreement and grant a divorce. The associate judge stated the parties were divorced but never entered judgment. The parties refer to the agreement placed on the record as the "Rule 11 agreement."

On September 11, 2014, Appellant filed a Motion to Sign Final Decree of Divorce based on the Rule 11 agreement. On September 29, 2014, Appellee formally revoked her consent to the Rule 11 agreement. In response, Appellant filed a motion on November 12, 2014 seeking to enforce the Rule 11 agreement. On November 17, the associate judge held a hearing on the Rule 11 agreement and determined that he did not have the authority to render an order granting a final divorce due to Appellee's revocation of consent. Appellant does not challenge the associate judge's ruling.

Appellee filed a First Amended Petition for Divorce on June 1, 2015. On June 4, 2015, Appellant filed his First Amended Counterpetition for Divorce and Petition to Enforce Rule 11 Agreement requesting that the district court enforce the Rule 11 agreement or alternatively, award him attorney's fees due to Appellee's breach of the agreement.

Trial was held September 21, 2015 through September 25, 2015 before District Judge Rivera. Both parties appeared and testified. The court heard testimony about the weekly child possession and access schedule and the difficulties in following the schedule described in the Rule 11 agreement.

During trial, the court observed that the Rule 11 agreement as to possession had become a source of contention and she preferred a different schedule. However, the trial court ordered the division of assets and liabilities remain as agreed to in the Rule 11 agreement. The trial court

2

pronounced and rendered her decision from the bench at the close of evidence. In the Final Decree of Divorce signed and entered on February 1, 2017, the trial court ordered that all relief requested and not expressly granted be denied. Neither party requested findings of fact or conclusions of law. Appellant filed a Motion for New Trial asking the trial court to reconsider its refusal to enforce the Rule 11 agreement which was overruled by operation of law.

*ISSUE*

In his sole issue, Appellant contends that the trial court erred in not enforcing the Rule 11 agreement relating to possession and awarding attorney's fees as a consequence of Appellee's breach of the Rule 11 agreement. Appellee contends that (1) Appellant cannot recover attorneys fees because there was no valid Rule 11 agreement for the trial court to enforce; (2) Appellee revoked her consent to the Rule 11 agreement before judgment was rendered and therefore the Rule 11 agreement was unenforceable; and (3) under the Texas Family Code the terms of an agreement concerning conservatorship, possession of and access to a child, or child support are not enforceable as a contract. TEX.FAM.CODE ANN. §§ 153.007(c), 154.124(c).

*ANALYSIS*

A trial court's decision regarding enforcement of a Rule 11 agreement is reviewed for abuse of discretion. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996); *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex.App.—Dallas 2006, pet. denied). A trial judge has no discretion in determining what the law is or in applying the law to the facts of a case. *Staley*, 188 S.W.3d at 336. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Abuse of discretion is shown when a trial judge fails to analyze or apply the law correctly. *Staley*, 188 S.W.3d at 336.

A party claiming breach of contract has the burden to prove: (1) the existence of a valid

3

contract between the plaintiff and defendant; (2) the plaintiff performed; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *See Calce v. Dorado Exploration, Inc.* 309 S.W.3d 719, 734 *(*Tex.App.—Dallas 2010, no pet.); *James M. Clifton, Inc. v. Premillenium, Ltd.*, 229 S.W.3d 857, 859 (Tex.App.—Dallas 2007, no pet.). Under Chapter 38 of the Texas Civil Practice and Remedies Code, a person who prevails on a claim for "an oral or written contract" may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs. TEX.CIV.PRAC.&REM.CODE ANN. § 38.001(8); *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009).

Appellant contends that the parties entered into a valid Rule 11 settlement agreement when they read their agreement into the record before the associate judge. Rule 11 specifically provides: "Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX.R.CIV.P. 11.

The powers vested in an associate judge are prescribed by Section 201.007 of the Texas Family Code. *See* TEX.FAM.CODE ANN. § 201.007; *In re A.G.D.M.,* 533 S.W.3d 546, 547 (Tex.App.—Amarillo 2017, no writ). The statute in effect in 2013 permitted an associate judge to "render and sign: (A) a final order agreed to in writing as to both form and substance by all parties." Act of June 15, 2007, 80th Leg., R.S., Ch. 1406, § 5, 2008 TEX.GEN.LAW 4816 (codified at former TEX.FAM.CODE ANN. § 201.007(a)(14)). An order that is rendered and signed by an associate judge constitutes an order of the referring court. TEX.FAM.CODE ANN. § 201.007(c). In this case, Appellee revoked her consent to the Rule 11 agreement before the trial court rendered and signed an order reflecting the agreement of the parties.

Texas Rule of Civil Procedure 11 requires agreements to be in writing or made in open

4

court and entered of record. *See, Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). When the parties enter into a settlement agreement of pending litigation, consent to the judgment must exist at the time an agreed judgment is rendered. *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984); *Stein v. Stein*, 868 S.W.2d 902, 903 (Tex.App.—Houston [14th Dist.] 1994, no writ). Without consent, the judgment is void. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *Cook v. Cook*, 243 S.W.3d 800, 802 (Tex.App.—Fort Worth 2007, no pet.). However, this does not preclude the court from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement. Generally, when a party revokes consent to a Rule 11 settlement agreement before judgment is rendered, a party may seek to enforce the agreement through a breach of contract action. *Ford Motor Co. v. Castillo,* 279 S.W.3d 656, 663 (Tex. 2009). "This is so because the agreement becomes a contract when executed, not when the trial court attempts to enforce it. Indeed, the trial court's order is simply a judgment enforcing a binding contract." *Coale v. Scott*, 331 S.W.3d 829, 832 (Tex.App.—Amarillo 2011, no pet.).

At trial before the district judge, Appellant acknowledged Appellee had the right to revoke her consent prior to the entry of judgment, but argued the Rule 11 agreement was a valid contract breached by Appellee and he was entitled to attorney's fees incurred in preparing for and participating in the trial.

The Texas Family Code provides that parties may enter into written agreements concerning the dissolution of the marriage and division of marital property, child support, conservatorship and possession of children. *See* TEX.FAM.CODE ANN. §§ 6.604 (b), 6.602 (b)(2), 7.006(a), 153.007(a), 154.124(a).[1] *See In re M.A.H.*, 365 S.W.3d 814, 819 n.4 (Tex.App.—Dallas 2012, no pet.). Parties

---

[1] The court may refuse to enter an agreed judgment that is not just and right or not in the best interest of the children in non-mediated settlement agreements. In this case, the parties' agreement was not a mediated settlement agreement.

may enter into binding settlement agreements on issues concerning dissolution of the marriage if the agreement meets certain requirements. TEX.FAM.CODE ANN. § 6.604 (b). For matters concerning the parent–child relationship, terms of an agreement concerning conservatorship, access to the child, or child support are not enforceable as a contract. TEX.FAM.CODE ANN. §§153.007(c), 154.124(c). *See Kendrick v. Seibert*, 439 S.W.3d 408, 411 (Tex.App.—Houston [1st Dist.] 2014, no pet.).

The public policy of the State of Texas is that the best interest of the child is the primary consideration of the court in conservatorship issues. TEX.FAM.CODE ANN. § 153.002. An agreement on conservatorship issues that is not in the child's best interest violates public policy and is unenforceable. *Garcia-Udall v. Udall*, 141 S.W.3d 323, 331 (Tex.App.—Dallas 2004, no pet.).[2] *See Leonard v. Lane*, 821 S.W.2d 275, 278 (Tex.App.—Houston [1st Dist.] 1991, writ denied)(agreement not to seek future increase in child support unenforceable as violation of public policy); *Hill v. Hill*, 819 S.W.2d 570, 572 (Tex.App.—Dallas 1991, writ denied)(application of contract law to child-support agreement in manner that was not in child's best interest violated public policy); *Yasin v. Yasin*, No. 03-10-00774-CV, 2011 WL 50009895, at *5 (Tex.App.—Austin 2011, no pet.).

The record reflects that the trial court heard evidence that the possession of the child outlined in the Rule 11 agreement was not working. At the close of evidence, the trial court noted that the possession schedule of the child had become a source of conflict between the parties and she preferred a different schedule. Appellant does not argue that the evidence was insufficient to support the trial court's conclusion that a different possession schedule was in the best interest of

---

*See In re M.A.H.*, 365 S.W.3d 814, 819 n.4 (Tex.App.—Dallas 2012, no pet.).

[2] TEX.FAM.CODE ANN. § 153.0071 deals specifically with mediated settlement agreements, while Section 153.007 deals generally with agreements "containing provisions for conservatorship and possession of the child." The agreement in this case was not a mediated settlement agreement.

the child, he merely argues that the trial court erred by not enforcing a valid and enforceable Rule 11 agreement. But terms of an agreement concerning conservatorship, access to the child, or child support are not enforceable as a contract. *See Kendrick v. Seibert*, 439 S.W.3d 408, 411 (Tex.App.—Houston [1st Dist.] 2014, no pet.). Moreover, an agreement on conservatorship issues that is not in the child's best interest violates public policy and is unenforceable. *Garcia-Udall*, 141 S.W.3d at 331. We hold that the trial court did not abuse her discretion in failing to enforce the Rule 11 agreement as to possession and access to the child.

*CONCLUSION*

The trial court did not err in failing to enforce the Rule 11 agreement. We affirm the judgment of the trial court.

September 30, 2019
REBECCA SIMMONS, Former Justice

Before Rodriguez, J., Palafox, J., and Simmons, Former Justice
Simmons, Former Justice (Sitting by Assignment)

7