

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00079-CV

IN THE INTEREST OF Z.U.L., Z.N.L., AND Z.I.L., CHILDREN

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 20-0183

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Mother[1] appeals the trial court's consent judgment, entered without a hearing, based on a Rule 11 Agreement dealing with issues of child support, possession, and access, which Mother expressly revoked. Because the trial court erred in entering a consent judgment, we reverse it and remand the case for further proceedings.

## I.      Factual and Procedural Background

After Mother and Father separated, their three daughters, Z.U.L., Z.N.L., and Z.I.L., lived with Mother. The Office of the Attorney General of Texas (AG) filed a suit affecting the parent-child relationship (SAPCR) that sought, among other things, to determine the amount of back child supported owed by Father. After Father allegedly orally promised Mother that he would pay $125.00 in child support per month to Mother, Mother and Father entered into an unmediated Rule 11 Agreement (Agreement) that appointed Mother and Father joint managing conservators of the children, set possession and access schedules, and required Father to obtain health insurance for the children. Despite Father's oral promise, the Agreement recited that no party would be ordered to pay child support. Mother was not represented by counsel at the time she signed the Agreement.[2]

After the Agreement was entered on May 12, 2020, Mother, who had since retained counsel, filed a "Revocation of Rule 11 Agreement" (Revocation) on June 17 and expressed her desire to revoke the Agreement in its entirety because Father had made no child support

---

[1]To protect the privacy of the parties involved, we refer to the children by initials and to the parents of the children as "Mother" and "Father." *See* TEX. FAM. CODE ANN. § 109.002(d); *see also* TEX. R. APP. P. 9.8(b).

[2]The AG was not a party to the Agreement.

payments and had not obtained health insurance for the children as required by the Agreement. On the same day as the Revocation was filed, Mother filed her own SAPCR. Even so, without a hearing, the trial court entered an order that adopted the Agreement and recited that Mother "agreed to the terms of [the] order as evidenced by [her] signature appearing in the parties' Rule 11 Agreement."[3]

In her first point of error on appeal, Mother argues that the trial court abused its discretion when it entered a consent judgment after she had revoked her consent to the Agreement without conducting a best-interest hearing. The AG has conceded error and, as we explain below, we agree that reversal is required.[4]

## II.    Applicable Family Code Provisions

A trial court must find that agreed plans for conservatorship and possession are in the children's best interests. TEX. FAM. CODE ANN. § 153.007(a)–(b). A best-interest finding is also required in the event of a written agreement on child support. TEX. FAM. CODE ANN. § 154.124(a)–(b). Section 153.0071 sets forth alternative dispute resolution procedures in SAPCR cases, and the relevant portions of this statute state:

> (a)    On written agreement of the parties, the court may refer a suit affecting the parent-child relationship to arbitration. The agreement must state whether the arbitration is binding or non-binding.

---

[3]After Mother filed a motion for new trial and requests for findings of fact and conclusions of law, the trial court entered findings that joint managing conservatorship was in the best interests of the children. The findings of fact recited that the parties had entered into the Agreement but did not address the Revocation.

[4]The AG also argues that the trial court erred by failing to enter findings required by Section 154.130 of the Texas Family Code when deviating from child support guidelines.

3

(b)     If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that the award is not in the best interest of the child.  The burden of proof at a hearing under this subsection is on the party seeking to avoid rendition of an order based on the arbitrator's award.

(c)     On the written agreement of the parties or on the court's own motion, the court may refer a suit affecting the parent-child relationship to mediation.

(d)     A mediated settlement agreement is binding on the parties if the agreement:

   (1)     provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

   (2)     is signed by each party to the agreement; and

   (3)     is signed by the party's attorney, if any, who is present at the time the agreement is signed.

(e)     If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

TEX. FAM. CODE ANN. § 153.0071.  If a parenting plan is filed, "the court shall render an order appointing the parents as joint managing conservators only if the parenting plan" "is voluntarily and knowing made by each parent and has not been repudiated by either parent at the time the order is rendered; and . . . is in the best interest of the child[ren]."  TEX. FAM. CODE ANN. § 153.133(a)(5)–(6).

4

**III.    Analysis**

Because the Agreement was the result of an unmediated decision by Mother, who was not represented by counsel, it did not meet the requirements of Section 153.0071.  It was also repudiated by Mother pursuant to Section 153.133 before the consent judgment was entered.

"The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties."  TEX. R. CIV. P. 245.  "[T]he mere existence of the parties' settlement agreement does not characterize the proceedings as uncontested."  *Highsmith v. Highsmith*, 587 S.W.3d 771, 777 (Tex. 2019).  Even where a party enters into a mediated settlement agreement (MSA) and then answers with a general denial, that party is entitled to notice under Rule 245 because the case can no longer be considered uncontested.  *Id.*  This is because the party "made an appearance and placed 'in issue' the matters raised by [the other party's] petition."  *Id.* (citing TEX. R. CIV. P. 92).  Here, as in *Highsmith*, Mother's Revocation and counterpetition "moved the case into the 'contested' category."  *Id.*

As explained by the Texas Supreme Court in *Highsmith*,

> [W]hile a hearing to prove up an MSA may often be uneventful, that is certainly not always the case:  judgment on an MSA is not automatic.  Parties challenging an MSA may still avail themselves of applicable statutory defenses or otherwise argue that the agreement should be set aside.  Indeed, the fact that MSAs are frequently litigated, as here, illustrates that disputes may still arise post-execution.  This is hardly surprising given the high-stakes, emotionally driven nature of family law cases.  Thus, we cannot agree that once an MSA is signed, there is necessarily nothing left for the court to resolve, making the rendition of judgment a mere formality.

5

> Most critically, a lack of notice [under Rule 245] violates basic principles of due process.

*Id.* at 778.

Even so, Father argues that the trial court did not err in entering the consent judgment because the Agreement recited that it was binding and irrevocable. However, this recital is insufficient when considering child support, conservatorship, and possession issues. *See In re M.A.H.*, 365 S.W.3d 814, 816 (Tex. App.—Dallas 2012, no pet.). Accordingly, when a trial court enters a consent judgment after a party withdraws consent to an "unmediated agreement[] on child support, conservatorship, and possession" and files a counter-petition, the judgment is void even if the Rule 11 agreement recited that it is irrevocable. *Id.* at 816–17, 818, 820 (citing *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam) ("A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement. A judgment rendered after one of the parties revokes his consent is void.")).

Because the trial court entered a consent judgment in a contested case without a hearing, we sustain Mother's first, dispositive point of error.

## IV. Conclusion

We reverse the trial court's judgment and remand the case for further proceedings.

Scott E. Stevens
Justice

Date Submitted: January 7, 2021
Date Decided: January 12, 2021

6